PORTER et al.
v.
WHITE et al.

---

PORTER and another vs. WHITE and another.

Where the complaint was for a trespass upon the south half of a quarter section, and the defendants, having denied the allegations of the complaint and pleaded title to the premises mentioned in it, offered in evidence a patent from the state to one of themselves for the *north* half of the same quarter section, and offered to prove that the acts complained of were done upon the land mentioned in the patent:  *Held,* that it would have been a sufficient defense to have shown that the acts complained of were not committed upon the premises mentioned in the complaint; and that although the patent was objected to and rejected for other reasons, still it was immaterial, and its rejection no ground for reversing the judgment.

APPEAL from the Circuit Court for *Winnebago* County.
*Jno. C. Truesdell,* for appellants.
*Wheeler & Coolbaugh,* for respondents.

*By the Court,* PAINE, J.  This action was commenced

April 10.

January Term, 1861.

Porter et al.
v.
White et al.

before a justice. The complaint was for a trespass upon the *south* half of the N. W. 1-4 of sec. 3, T. 17, R. 14 East. The defendants denied all the allegations of the complaint, and further plead title to the premises mentioned in the complaint. They gave the necessary bond, and the cause was sent to the circuit court. On the trial there, after the plaintiffs had given evidence tending to show that the complaint was true, the defendants offered in evidence a patent, signed by the governor and secretary of state, purporting to convey to one of the defendants the *north* half of the same quarter section; and in connection with that, offered to show that the alleged acts of trespass were committed on the land mentioned in the patent. The plaintiffs' counsel objected to the patent, for the reason that it appeared that the lands conveyed by it, were a part of the tract granted by Congress to this state, to aid in the improvement of the Fox and Wisconsin rivers, and that there was no evidence before the court to show that the conditions of the grant had been complied with, so as to vest the title in the state. It seems the court rejected the patent for this reason, and the defendants' counsel offered no further evidence, and the plaintiffs had a verdict.

We do not see how it becomes necessary to decide upon the grounds of objection stated. To us the patent seems to have been immaterial. The complaint was for a trespass upon the other half of the quarter section, and not upon the one mentioned in the patent. If, therefore, they could show that the acts complained of were not committed upon the premises mentioned in the complaint, that would have been a good defense. And they were not called upon to show who had title to other premises upon which they might so have shown them to have been committed. When the plaintiffs sued them for any acts upon such other premises, it would have been in time for them to show title, if they had it. But it was a sufficient defense to this complaint to show that they had committed no act of trespass upon the lands mentioned in it. No objection was made to their proving this, but when the patent was rejected, they seem to have abandoned that part of their offer, which was to

show that the acts complained of were committed on the land mentioned in the patent, and not on that mentioned in the complaint. This may have been from a misapprehension as to the materiality of the patent. But as it seems to us to have been properly rejected for immateriality, we must affirm the judgment.

Judgment affirmed, with costs.