The Town of Crandon vs. Forest County.

THE TOWN OF CRANDON, Respondent, vs. FOREST COUNTY, Appellant.

*October 1 — October 22, 1895.*

*Constitutional law: Uniformity in town and county government: Special tax legislation: Remission of taxes: Power of county board: Liability of county to town.*

1. The validity (under secs. 23, 31, art. IV, Const.) of sec. 2, ch. 270, Laws of 1887, sec. 1, ch. 39, Laws of 1891, and ch. 283, Laws of 1893, limiting the amount to be raised by taxation in the towns of Forest county, is doubted.

2. Where a county board remitted as illegal a portion of town taxes returned as delinquent, and the county treasurer did not collect such portion, the county is not liable therefor to the town as for money had and received.

3. The county board has no authority to remit or cancel a valid tax; but *it seems* that the county would not be liable in damages for the wrongful or illegal act of its county board in canceling or remitting a tax.

The Town of Crandon vs. Forest County.

4. The illegal action of a county board in remitting a valid tax upon land did not relieve the county treasurer from his duty to advertise and sell the land for such tax, nor from liability to respond in damages to those injured by his failure to do so.

APPEAL from an order of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an appeal from an order overruling defendant's demurrer to plaintiff's complaint. By sec. 2, ch. 270, Laws of 1887, under which the plaintiff town was organized, it was provided that "it shall be unlawful for any town in *Forest* county to raise or expend an amount exceeding $2,500 each year for five years for town purposes, and it shall be unlawful for any such town to raise or expend an amount exceeding $1,500 in each year, during the same time, for school purposes." By sec. 1, ch. 39, Laws of 1891, and ch. 283, Laws of 1893, the previous act was so amended as to fix the limit of town taxation and expenditure in the plaintiff town at $3,800 in any one year, until A. D. 1901, "for all town and school purposes whatsoever." The complaint sets forth facts tending to show a necessity for raising and expending annually in said town a considerably greater sum for such purposes, and that the entire amount levied for such purposes in 1893 was $6,004; that the owners of the greater part of the real estate in the town, acting under the name and style of "The Wisconsin Taxpayers' Association," refused to pay their taxes for that year in said town, claiming that so much of the town taxes as exceeded $3,800 was illegal and void; that the lands of said parties, with other lands upon which the taxes were not paid for that year, were returned as delinquent by the town treasurer to the county treasurer of the county, the amount being $5,638.85 in excess of the amount due from the plaintiff town to the defendant county, the state taxes for that year having been paid; that the parties comprising the said "taxpayers' association" appeared before the county board and offered to pay the taxes

upon their lands returned as delinquent, less the amount
thereof so claimed to be illegal and void, which amounted
to $416.27, if the county board would instruct the county
treasurer to give a receipt *in full* for such taxes, and that
the county board did instruct said county treasurer accord-
ingly, and to charge said plaintiff town said $416.27 as an
illegal tax because in excess of said $3,800 limit; that such
taxpayers paid their taxes, less said illegal excess, and re-
ceived receipts in full from the county treasurer, and he
afterwards sold all other lands in said town returned as de-
linquent for nonpayment of taxes for that year, and paid to
the treasurer of the plaintiff the moneys received by him for
said delinquent taxes, less the amount due the county for
county taxes, with interest and charges; and that the
amount so paid was $416.27 less than the amount that should
have been paid, by reason of a part of the said town taxes
having been so remitted as aforesaid, and which sum he
should have collected and paid over. The complaint averred
demand of that sum from the county treasurer and from
the defendant; that the county treasurer had paid out all
moneys retained by him for said delinquent taxes; and
that the defendant and county treasurer refused to pay the
plaintiff said sum of $416.27, insisting that it was for illegal
taxes and had been properly remitted. The plaintiff de-
manded judgment for that sum, with interest.

For the appellant there was a brief by *Samuel Shaw*, at-
torney, and separate briefs by *Fish & Cary*, of counsel, and
oral argument by *Mr. Shaw* and *Mr. John T. Fish*.

*A. W. Shelton*, for the respondent.

PINNEY, J. The plaintiff's contention is that the pro-
visions of the acts cited above, limiting the amount which
the town of *Crandon* might lawfully levy for taxes in any
one year, and particularly as to the limit of $3,800 existing
in the year in question for town and school purposes, were

unconstitutional and void for conflict with sec. 23, art. IV, of the constitution, in respect to uniformity of the system of town and county government; and it has occurred to us that there may be serious objection to the validity of such legislation by reason of the provision of sec. 31, art. IV, of the constitution, prohibiting special legislation "for assessment or collection of taxes." These acts apply only to towns in *Forest* county. Whether the legislation in question is obnoxious to either of these constitutional provisions it is not necessary now to determine, but we think it right to say that we consider it extremely doubtful whether it can be sustained, particularly in view of the provision last referred to. *State ex rel. Turner v. Bell, post,* p. 271.

The plaintiff contends that the town taxes were valid, and that the act of the county board in remitting the alleged excess of $416.27 was void for want of authority, and that it should be construed as a remission of that amount of the *county* taxes, and not as a remission of any part of the town taxes, and therefore, having received an amount of money equal to the entire county taxes, it must be held that the county received and now holds to the use of the plaintiff the $416.27 sued for. The complaint is, in substance, for money had and received, and, giving to its allegations the most liberal construction, we think it is impossible to say that the county has received any money into its treasury or to its use which, either legally or in equity and good conscience, it ought to pay over to the plaintiff; and without such proof there can be no recovery against it as for money had and received. It has not received this particular sum which is part and parcel of the town taxes. The complaint makes it perfectly clear that the county board intended to and did remit this portion of the town taxes, that it did not intend to and did not remit any part of the county tax, and that the money it is charged with wrongfully retaining is in fact its own money.

If it be assumed that the town tax was valid, and that the county board had the right to remit this particular part of it, then it is clear that the defendant is in no sense in the wrong, but that the plaintiff must fail in the action. Upon the other hand, if the entire town tax was valid, and the county board had no power to remit any part of it, the result must be the same.

We have not been referred to any statute expressly or by fair implication authorizing the county board to remit or cancel a valid tax. The powers of the county board are statutory, and it has no common-law authority and no implied powers except such as are fairly incident and reasonably necessary to the exercise of its express powers. Sec. 1114, R. S., provides that the town treasurer is to " be credited by the county treasurer with the amount of taxes so returned as unpaid," and that all taxes " returned as delinquent shall belong to the county, and be collected with the interest and charges thereon, for its use; " but it does not follow, however, as an incident of such ownership on the part of the county, that the county board can remit or give away such taxes in whole or in part, and no such power can be inferred from the statutory powers conferred upon the county board. R. S. secs. 669, 670. This conclusion is strengthened by the special and limited powers of the county board in respect to taxes improperly assessed or paid by mistake (R. S. sec. 1155), and by sec. 1210g (applicable to taxes returned as delinquent *prior* to the revision of 1878), which provided that where there is a claim that taxes returned " are illegal for any cause, the county treasurer, county clerk and district attorney may, if they shall deem there is sufficient cause to believe such taxes illegal, compromise with the owner," and " receive, in lieu of the whole tax due or charged, such part thereof " as they, or a majority of them, " shall determine to be equitable and for the best interest of such county."

It seems, however, that the county would not be liable in damages for the wrongful or illegal act of its county board in canceling or remitting a tax. The levy and collection of taxes are governmental rather than municipal or corporate functions; delegated to municipal or county officers, but still governmental. "It may well be claimed that in the exercise of these functions such officers are public officers, discharging public and not municipal or corporate duties." *Wallace v. Menasha*, 48 Wis. 79, 85; *Hayes v. Oshkosh*, 33 Wis. 318. It seems that in such cases the maxim *respondeat superior* does not apply, and that no action will lie against the corporate body unless it is expressly given.

The powers and duties of the county treasurer in respect to taxes returned as delinquent are prescribed by law, and he is required to advertise and sell the lands charged with such taxes, if payment is not made before the time fixed for such sale. The county board has no power to alter or modify the law, or to absolve him from the performance of any of his official duties. In case of a failure to perform his duty as thus prescribed, he and his sureties on his official bond are liable for all damages that may ensue, and it is provided that "all losses sustained by the default of any county officer" in the duties imposed on him by the statute in relation to taxation "shall be chargeable to such county, and the county board shall add all such losses to the next year's taxes of . . . such county." The duty of the county treasurer to proceed to advertise and sell the lands returned in the present instance for the entire tax, if legal, still remained, and parties interested had a right to insist upon its performance or damages for his failure or neglect of official duty.

We have considered the case, it will be seen, upon the basis of the plaintiff's assumption that the part of the town tax remitted was legal. If it was not valid, the plaintiff clearly would have no ground of recovery. For these rea-

sons it appears that the plaintiff's complaint does not state facts sufficient to constitute a cause of action, and the order of the circuit court overruling the demurrer is erroneous.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.