WILLIS J. ZICK, Corporation Counsel Waukesha County
You request my opinion on several questions involving sec. 59.025, Stats., created by ch. 118, Laws of 1973.
Your first question is whether the County Board can authorize compensation for members of the County Board of Health.
I am of the opinion that it cannot.
Section 140.09, Stats., provides for creation of a County Board of Health, and sec. 140.09 (5), Stats., provides that:
 "(5) . . . Members shall serve without compensation but may be reimbursed for their actual and necessary expenses."
Section 59.025, Stats., as created by ch. 118, Laws of 1973, provides:
 "59.025 COUNTY ORGANIZATION. (1) PURPOSE. The purpose of this section is to improve the ability of county government to organize its administrative structure, within constitutional limits. The state constitution now authorizes the legislature to establish one or more systems of county government. Consistent with this constitutional authority, it is the intent of the legislature to increase the organizational discretion which county government may exercise in the administration of powers conferred upon county boards of supervisors by the legislature. *Page 197 
 "(2) INTENT AND CONSTRUCTION. For the purpose of giving counties the largest measure of organizational autonomy compatible with the constitution and general law, it is hereby declared that this section shall be construed in favor of the rights, powers and privileges of counties to organize and administer county functions. The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail.
 "(3) CREATION OF OFFICES. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board.
 "(4) SELECTION PROCESS FOR OFFICES. The county board may determine the method of selection of any county offices except for the offices of supervisors, judges, county clerk, county treasurer, clerk of courts, county executive and county assessor and those officers elected under section 4 of article VI of the constitution. The method may be by election or by appointment and, if by appointment, the county board shall determine the appointing authority, subject to ss. 59.031 and 59.032. *Page 198 
 "(5) PART-TIME OFFICES. The county board may designate any county office a part-time position." (Emphasis added.)
Chapter 118, Laws of 1973, also amended sec. 59.15 (2) (a), Stats., to provide:
 "59.15 (2) (a) The board has the powers set forth in this subsection [and]* sub. (3) [and s. 59.025]** as to any office, department, board, commission, committee, position or employe in county service (other than elective offices included under sub. (1), supervisors and circuit judges) created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which lie within the county or any portion thereof and the powers conferred by this section shall be in addition to all other grants of power and shall be limited only by express language." (Emphasis added.)
Section 59.15 (2) (C), Stats., provides:
 "(c) The board may provide, fix or change the salary or compensation of any such office, board, commission, committee, position, employe or deputies to elective officers without regard to the tenure of the incumbent (except as provided in par. (d)) and also establish the number of employes in any department or office including deputies to elective officers, and may establish regulations of employment for any person paid from the county treasury, but no action of the board shall be contrary to or in derogation of the rules and regulations of the department of health and social services pursuant to s. 49.50 (2) to (5) relating to employes administering old-age assistance, aid to dependent children, aid to the blind and aid to totally and permanently disabled persons or ss. 63.01 to 63.17."
I am of the opinion that the power of the County Board to provide, fix or change the salary or compensation of any such office, board, etc., is, as to members of the County Board of Health, limited under sec. 59.15 (2) (a), Stats., by the express language of sec. 140.09 (5), Stats., which provides that members are to "serve without compensation but may be reimbursed for their actual and necessary expenses." *Page 199 
Your second question is whether statutory powers of the County Clerk in regard to budgeting and record keeping can be transferred to a new position of Finance officer.
It is my opinion that they cannot.
Powers conferred on a county officer by statute cannot be narrowed, taken away, or enlarged by the County Board except in cases where the legislature has authorized it by statute. Beal v.The Supervisors of St. Croix Co. (1861), 13 Wis. 559; The Town ofGandon v. Forest County (1895), 91 Wis. 239, 64 N.W. 847;Reichert v. Milwaukee County (1914), 159 Wis. 25, 150 N.W. 401.
Although the office of County Clerk is not expressly referredto in the Constitution, it is included with "other countyofficers" in Art. VI, sec. 4, Wis. Const. 24 OAG 787 (1935),State ex rel. Williams v. Samuelson (1907), 131 Wis. 499,111 N.W. 712.
Section 59.025 (3), Stats., excepts those officers elected under Art. VI, sec. 4, of the Constitution, and the County Board does not have the powers granted under sec. 59.025 (3) (C), Stats., with respect to the office of County Clerk.
This opinion is limited to the statutory powers of a County Clerk with respect to budgeting and record keeping in a county which does not have a County Executive or County Administrator. Section 59.17, Stats., grants the County Clerk extensive powers as to record keeping. His statutory powers as to budgeting are less clear. The primary power with respect to formulating a budget in counties without a County Executive or Administrator is in the County Board. See sec. 65.90, Stats. A County Clerk has powers as auditor under sec. 59.72 (1), Stats.; however, these powers may be performed by a County Auditor by reason of sec.59.72 (2), Stats., and could be performed by a Finance Officer.
RWW:RJV
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
** [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS ADDED IN THE ORIGINAL TEXT.]