VICTOR MOYER, Corporation Counsel, Rock County
You advise that Rock County has an administrator appointed under sec. 59.033, Stats., and a finance director. The latter *Page 133 
position was formerly that of auditor appointed under sec. 59.72, Stats., and was redesignated and given additional duties under the provisions of sec. 59.025 (3), Stats.
You state that on June 12, 1975, the Rock County board passed a resolution which provides:
 (1) ". . . all accounting functions of the County Clerk's and County Treasurer's offices and all data processing activities, be conducted under the line authority of the finance director . . . ." and
 (2) ". . . the Finance Director shall have authority of direct control over accounting policies in all county departments or offices. No accounting procedure policy changes shall be made by any department or office of the county without the prior authorization and approval of the County Finance Director . . . ." and
 (3) ". . . Finance Director shall be consulted in process of evaluation of vacant accounting and bookkeeping positions for skill levels required, and should participate in evaluation of applicants."
You indicate that the county clerk does not raise a question "regarding the authority of the board to avail itself of the Finance Director's advice in setting skill levels and selecting employes for accounting and bookkeeping positions. However, the County Clerk contends that the board lacks authority to delegate the keeping of books of account to a finance director or to give such an employe the authority to direct other employes in the keeping of such books of account. He concludes that such board action does violence to the `immemorial and important' duties of his office."
You inquire whether supervision over the county's books of account can be delegated by the county board to an officer denominated "finance director."
I am of the opinion that it can, providing that such supervision is directed through the county clerk in a manner which will not result in a transfer of statutory powers from the county clerk or substantially interfere with that officer's ability to carry out such duties. *Page 134 
Your second question is whether the finance director can be given supervisory authority over bookkeeping activities of other county employes who are physically located in the office of the county clerk?
I am of the opinion that he or she cannot be given direct
supervisory power if said employes are deputies of the county clerk appointed under sec. 59.16 (1), Stats.
Although sec. 59.025 (3), Stats., grants the county board broad powers with respect to the creation of offices and positions and transfer of functions and duties between offices, departments and positions, county officers elected under the provisions of Art.VI, sec. 4, Wis. Const., are expressly excepted from such powers. The office of county clerk is such an office.
In 24 OAG 787 (1935), it was stated that the county board could appoint an auditor but could not transfer to such officer any of the principal or important duties of the county clerk. The opinion stated that the statutes setting forth the duties of the county clerk used the terms "accounts" and "books of account" and that the former must refer to original documents and papers then prescribed by statute, and that since the statute provided that the county clerk also was "to keep all the accounts of the county, and all such books of account as the county board shall direct," the county board could transfer the duties of supervising and "taking charge" of the system of books prescribed by the tax commission to the auditor. At p. 789 of that opinion it was stated:
 "The rule that the duties of the constitutional officer cannot be transferred to another is now confined to those immemorial and important duties that characterize the office."
Even if such rule is applicable to the county clerk, such officer was not from time immemorial charged with the keeping ofall the accounts of the county or with all bookkeeping duties. The opinion at 24 OAG 787, 793 (1935) states that historically such officer was strictly a clerk for the board of supervisors, kept a record of its proceedings and preserved and filed accounts acted upon by the board. The opinion concluded that:
 "The principal and important duties of the county clerk have been to act as clerk for the board of supervisors, to *Page 135 
record its proceedings and to keep a record of its orders for payment of money. All these duties remain with the clerk, although the county auditor is given supervision of the books prescribed by the tax commission."
In 63 OAG 196, 199 (1974), which also involved sec. 59.025 (3), Stats., it was stated that the statutory powers of the county clerk in regard to budgeting and record keeping could not be transferred to a new position of finance officer and that:
 "Powers conferred on a county officer by statute cannot be narrowed, taken away, or enlarged by the County Board except in cases where the legislature has authorized it by statute. Beal v. The Supervisors of St. Croix Co.
(1861), 13 Wis. 559; The Town of Crandon v. Forest County
(1895), 91 Wis. 239, 64 N.W. 847; Reichert v. Milwaukee County (1914), 159 Wis. 25, 150 N.W. 401." Also see 63 OAG 220, 225 (1974).
Section 59.17 (3) through (8), Stats., set forth certain of the statutory duties of the county clerk with respect to keeping of accounts and books of account:
 "(3) SAME. Sign all orders for the payment of money directed by the board to be issued, and keep in a book therefor a true and correct account thereof, and of the name of the person to whom each order is issued; but he shall in no case sign or issue any county order except upon a recorded vote or resolution of the board authorizing the same; nor shall he sign or issue any such order for the payment of the services of any municipal justice, clerk or court, district attorney or sheriff until the person claiming such order files an affidavit stating that he has paid into the county treasury all moneys due the county and collected or received by him in his official capacity; nor shall he sign or issue any order for the payment of money for any purpose in excess of the funds appropriated for such purpose unless first authorized by a resolution passed by the county board pursuant to s. 65.90 (5).
 "(4) ACCOUNTS. File and preserve in his office all accounts acted upon by the board, and indorse their action thereon, designating specifically upon every account the amount allowed, if any, and the particular items or charges for which allowed, and such as were disallowed, if any. *Page 136 
 "(5) RECEIPTS AND DISBURSEMENTS. Record in a book therefor the reports of the county treasurer of the receipts and disbursements of the county.
 "(6) SAME. Keep a true and accurate account in a book therefor of all money which comes into his hands by virtue of his office, specifying the date of every receipt or payment, the person from or to whom the same was received or paid, and the purpose of each particular receipt or disbursement, and keep such book at all times open to the inspection of the county board or any member thereof.
 "(7) SAME. Keep in the manner prescribed in subsection (6) a separate account of all moneys paid the county treasurer by him.
 "(8) SAME. Keep all of the accounts of the county and all such books of account as the county board directs."
Subsections (3) through (7) are concerned with which accounts and which books of account must be kept and in some cases provide an express manner in which such duties are to be carried out. Where a statute provides that a duty must be carried out in a specific way, the statute controls and the county board cannot require that the duties shall be performed in another manner or by another officer. Subsection (8) is of another nature. The section does not mean that the county clerk shall keep all of the accounts of the county. Sections 59.20 (4), 59.395 (5), 59.47
(5), 59.73 (1), (2) and 83.015 (3), Stats., clearly indicate that other officers have duties of keeping accounts and bookkeeping with respect to their offices. Subsection (8) contains no comma, however construe the phrase "as the county board directs" as being applicable to the first duty, "Keep all of the accounts of the county" and to the second duty, "and [keep] all such books of account as the county board directs." In my opinion the statute empowers the county board to direct the manner in which the county clerk shall keep the accounts of the county and books of the county, where a statute does not provide for an express manner, and in addition empowers the county board to direct which
accounts of the county and books of account, in addition to those set forth in subsecs. (3) through (7) or other statutes, shall be kept by the county clerk. It is my further opinion that subsec. (8) would permit a county board to transfer duties of keeping certain *Page 137 
accounts and books of account from the county clerk to some other officer where an express statute did not require the county clerk to perform the duties.
Section 73.10 (5), Stats., provides that the Department of Revenue "shall inquire into the system of accounting of public funds in use by . . . counties . . . and all other local public bodies, boards, commissions, departments or agencies; devise, prescribe and at the request of any . . . county [etc.] . . ., install a system of accounts which is as nearly uniform as practicable and when so installed the system shall be retained in use. . . ."
In order to preserve the uniformity of the system installed with the cooperation of the Department of Revenue and any county board resolutions directing the county clerk as to the manner of keeping accounts and books of account where express statute does not control, the county board could authorize the finance officer to exercise only indirect supervision through the county clerk, as to responsibilities and duties expressly given such officer by statute or resolution of the county board, whether said duties are performed by such officer or by deputies or other personnel over whom the county clerk has power of appointment.
BCL:RJV