JAMES UNGRODT, Corporation Counsel, Calumet County
You request my opinion on a number of questions relating to a proposal to transfer certain administrative duties which have been performed by the county clerk, but which are not duties which are required to be performed by such officer by express statute, from the county clerk to a newly created office of administrative services coordinator.
You state:
 "The Personnel Committee of the County Board, upon recommendation of the consultant, is considering a splitting of the statutory duties of the clerk, from the administrative functions as outlined in the job descriptions, for the following reasons: The County Clerk is an elected official and is not, by law, required to perform the administrative duties. The clerk might not be competent to handle said duties, or refuse to perform the administrative duties. The County Board would like to have the flexibility to assign the administrative duties to the clerk, other county official, or elsewhere, as it would see fit, not automatically keeping these duties with the position of County Clerk.
 "It is the intent of the committee, if it does so, to reduce the salary of the County Clerk and create a separate salary schedule for the `Administrative Services Co-ordinator', to be paid on a `part-time' basis. The committee believes that in this way, adequate compensation can be given to the present clerk without the salary of the clerk's position greatly in excess of other offices."
The fact situation above includes certain erroneous assumptions of fact and law. There is also intimation that one of the purposes of change would be to attempt to adequately compensate the individual presently holding the office and performing the duties without attaching the extra compensation to the office. Such a plan might well discourage others from seeking election to the office of county clerk, as they would have no assurance that they would be appointed to the office of administrative services co-ordinator, if elected. *Page 3 
 1. "Can the County Board create the position of Administrative Services Co-ordinator?"
The answer is yes. Authority is contained in sec. 59.025 (3)(a), Stats.
Section 59.025 (3), Stats., provides:
 "Creation of offices. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board." (Emphasis added.)
 2. "Can certain administrative duties presently performed by the county clerk be transferred to the administrative services co-ordinator?"
The answer is yes. However, no administrative duties presently performed by the county clerk can be transferred solely by reason of sec. 59.025 (3)(c), Stats., since sec. 59.025 (3), Stats., excepts those offices elected under Wis. Const. art. VI, sec. 4, which include the county clerk. 63 Op. Att'y Gen. 196 (1974). Transfer of duties currently performed by the county clerk would be permissible only where some other specific statute permits transfer to some other officer or prescribes that some other officer can initially be assigned such duties, or where the duties involved have not been conferred upon the county clerk by express statute, and are not important duties which have been performed by the county clerk on an immemorial basis.
I am of the opinion that powers conferred upon the county clerk by statute and those important duties which have been performed by *Page 4 
such officer on an immemorial basis cannot be transferred to another officer. See 63 Op. Att'y Gen. 196 (1974) and 65 Op. Att'y Gen. 132 (1976).
By reason of sec. 59.72 (2), Stats., the duties of the county clerk with respect to audit can be transferred to a county auditor and therefore could be transferred to an administrative services coordinator by reason of sec. 59.025 (3) (c). Stats. County clerks have also handled purchasing duties, but not on an immemorial basis. Since sec. 59.07 (7), Stats., permits the county board to appoint a purchasing agent, and permits the county clerk to serve as agent, such duties could be transferred to an administrative services co-ordinator.
We do not propose to analyze every duty which your management consultants suggest might be transferred to an administrative services co-ordinator. You should make this analysis in light of the history of the Office of County Clerk in Calumet County and in view of the statutory duties prescribed for the county clerk in sec. 59.17 and other sections of the statutes. Note that sec.59.17 (1), Stats., requires the county clerk to "perform all duties prescribed by law or required by the board in connection with their meetings and transactions." (Emphasis added.)
 3. "Can a County Clerk hold any other position in County government?"
The answer is yes, provided that there is no incompatibility by reason of statute or under rules of the common law.
 4. "Are the duties of the County Clerk incompatible with the designated functions of Administrative Services Co-ordinator?"
I do not agree that all of the duties listed for the administrative services co-ordinator can be transferred from the county clerk; however, insofar as transfer is permissible, I do not see any grounds for incompatibility.
 5. "Could the salary of the County Clerk be reduced during his term of office where the individual performing the duties of County Clerk was given additional salary for performing the duties of `Administrative Services Coordinator'?" *Page 5 
The answer is no. The compensation as fixed under see. 59.15
(1)(a), Stats., is an incident of and attaches to the office; and the statute expressly provides that "The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board." By reason of sec. 66.197, Stats., the salary of the county clerk could be increased during the term of such officer.
In my opinion an individual serving as county clerk could not, during his term, also receive a separate salary for performing the duties of administrative services co-ordinator where such individual had been performing the same duties incidental to his office as county clerk.
 6. "Does the statement in 20 OAG 196 that `A public officer takes his office cum onere, and may not be paid for extra services rendered which are incidental to his office.' still apply in light of Section 66.197, Stats.?"
The answer is yes. Section 66.197, Stats., does not require the payment of additional compensation by reason of increase in duties by reason of change in statute, or passage of time resulting in growth of population, volume of business, etc. It permits an increase during the officer's term at the discretion of the county board. The opinion at 20 Op. Att'y Gen. 196 (1931) held that a county clerk could not be appointed as purchasing agent and receive a separate salary for such services, as such services were incidental to his office. However, since that opinion was issued, sec. 59.07 (7), Stats., has been amended to provide that any county officer may be the agent. I am of the opinion that where the county clerk is appointed purchasing agent, a separate salary may be provided for and accepted by the individual serving as county clerk. However, in a case such as your county where the county clerk served as purchasing agent as an incident of his office and no separate salary was provided, he is required to perform such services without additional compensation over and above that provided for the office of county clerk.
In Geyso v. Cudahy, 34 Wis.2d 476, 488, 149 N.W.2d 611 (1967), it was held that the rule of cum onere does not extend to reimbursement for necessary expenses but that:
 ". . . The rule of cum onere has only been applied to situations where a public officer attempted to gain extra compensation for *Page 6 
performing services encompassed within the function of his office. . . ."
BCL:RJV