KEN BUKOWSKI, Corporation Counsel Brown County
You request my opinion concerning sec. 59.72, Stats., as amended by ch. 265, Laws of 1977, relating to county auditor positions. Your specific questions are:
 "1. Is new Sec. 59.72 a legislative authorization for a transfer of duties from the county clerk to the new position of county auditor'?
 "2. If new Sec. 59.72 does authorize a transfer of duties from the office of county clerk to the office of county auditor, what specific duties are transferred to the county auditor?"
The answer to your first question is yes.
Section 59.025 (3), Stats., grants the county board broad powers to create offices and transfer duties. Nevertheless, county offices, such as that of county clerk, elected under the provisions of Wis. Const. art. VI, sec. 4, are expressly excepted from those powers. Legislative authorization for a transfer of duties therefore exists, provided the duties transferred are not those expressly given by statute to the county clerk. As stated in 24 Op. Att'y Gen. 787 (1935), the county board can appoint an auditor but cannot transfer to him or her any of the principal statutory duties of the county clerk. Both former sec. 59.72, Stats., and that section as amended by ch. 265, Laws of 1977, authorize the county board to transfer powers of the county clerk to act as auditor to a county auditor. *Page 249 
Before answering your second question, a distinction must be made between the duty to keep books and accounts, the duty toprescribe or direct the manner in which they are kept and the duty to audit. These functions as they relate to the county clerk and county auditor were discussed in 65 Op. Att'y Gen. 132 (1976), and 67 Op. Att'y Gen. 1 (1978). I have reviewed those opinions and affirm what was said there as to the transfer of duties from the county clerk to another officer. It can be said that the primary effect of the change in the law, insofar as the relationship between the county clerk and auditor is concerned, is that where a county auditor's office is created, "The auditor shall direct the keeping of all of the accounts of such county, in all of its offices, departments and institutions."Sec. 59.72
(3), Stats. I construe this as power to direct the manner in which such books of account are kept, where the manner is not prescribed by statute, and that such power extends to accounts kept by the county clerk by reason of express statute or at the direction of the county board as authorized by sec. 59.17 (8), Stats. A county auditor in counties over 300,000 population possessed such power under former sec. 59.72 (3), Stats. It should be noted, moreover, that "directing the manner" of keeping the books implies or is the same thing as "supervising" the process.
Section 59.72, Stats., as amended by ch. 265, Laws of 1977, does not transfer power to keep accounts or to keep books from the county clerk to the county auditor. Moreover, the county clerk, not the finance director, should be keeping the books. Therefore, the part of the finance director's job that legally belongs to the county clerk cannot and should not be, or have been, transferred to the county auditor. The new office of county auditor can include the other duties performed by the finance director since 1971.
The county auditor does have authority to "keep such books of account as may be necessary to properly perform the duties of his or her office," sec. 59.72 (3), Stats., and the county board could, pursuant to sec. 59.72 (2), Stats., direct the auditor to "perform such additional duties and . . . have such additional powers as are imposed and conferred upon him or her from time to time by resolution adopted by the board." As stated in 65 Op. Att'y Gen. 132, 136, 137 (1976), and OAG 1-78, a county board could transfer duties of keeping certain accounts and books of account from the county clerk to an auditor or finance officer where an express statute did not *Page 250 
require the county clerk to perform the duties and where such duties are not important duties which have been performed by the county clerk on an immemorial basis.
BCL:RJV