Bulger, Administrator, etc., Appellant, vs. Moore and another, Respondents.

*November 23 — December 14, 1886.*

*Tax deed: Signature of county clerk.*

Though the official designation of the officer authorized to execute tax deeds is the "county clerk," yet a deed signed by him as "clerk of the board of supervisors" of the county is valid.

APPEAL from the Circuit Court for *Marathon* County. The case is sufficiently stated in the opinion.

For the appellant the cause was submitted on the brief of *Moses Hooper.* He contended, *inter alia,* that the statute requires "the county clerk" to execute tax deeds for the county and state "as county clerk." Sec. 1176, R. S. The form given requires him to add to his signature his official designation. Sec. 1178. Such statutory requirements have ordinarily been held imperative, and not advisory. *Lain v. Cook,* 15 Wis. 446; *Lain v. Shepardson,* 18 id. 59; *Wakeley v. Mohr,* id. 321; *Smith v. Todd,* 55 id. 459; *Dreutzer v. Smith,* 56 id. 292; *Chase v. Sparhawk,* 22 N. H. 134, 139; *Colby v. Russell,* 3 Me. 227; *Foxcroft v. Nevins,* 4 id. 72; *Chandler v. Spear,* 22 Vt. 388.

*Charles W. Felker,* for the respondents.

ORTON, J.   This is an action of ejectment, the plaintiff being the original owner of the premises and the defendant claiming title thereto by virtue of a tax deed; and the defendant recovered on the ground, as the court found, "that the tax deed is valid on its face;" and this is the only question presented to this court.   The only objection to the tax deed urged here is that it was executed in the following form:

"In testimony whereof, I, Henry Miller, *the clerk of the board of supervisors* of the county of Marathon, have executed this deed pursuant to and by virtue of the authority in me vested by the statutes of the state of Wisconsin, and for and on behalf of said state and of the county of Marathon aforesaid, and have hereunto subscribed my name officially, and affixed the seal of the said county board of supervisors, at Wausau, in the said county of Marathon, this 12th day of May, in the year 1879.

[Signed]                 "HENRY MILLER,    [L. s.]
"Clerk of the Board of Supervisors of Marathon County."

The contention is that this tax deed is void because the official designation of the officer authorized to execute tax deeds is the "county clerk," and not "the clerk of the board of supervisors."   The history of the official designation of this officer is as follows:   Before 1867 this officer was in the habit of using various designations of his name of office in the *testatum* clause of the deed, such as "the clerk of the *county* board of supervisors," and also "the clerk of the board of supervisors," as if either was the proper official designation; and there had been no statutory designation of the officer other than that of the designation of the corporate name of "the *county* board of supervisors," and that the officer was clerk of that board.   In that year it was held in *Knox v. Huidekoper*, 21 Wis. 527, " that either of these descriptions was sufficient to identify the officer and show his relations to the board, and meets the require-

ments of the law." In 1871 a law was passed providing that the official designation of the officer theretofore known as "clerk of the board of supervisors" shall hereafter be known as "county clerk," by which designation he shall be elected and hereafter known in law; with a proviso that if any such officer shall sign his name as clerk of the board of supervisors such signature shall be sufficient and shall not invalidate or render void the instrument signed in that manner, and that such clerk shall also be the clerk of the board of supervisors. This statute makes the subject still more uncertain and obscure. The corporate name of the board is unquestionably "the *county* board of supervisors," and not merely "the board of supervisors." Sec. 652, R. S., provides that "the powers of a county, *as a body corporate*, can only be exercised by *the county board* thereof," etc.; and sec. 663, R. S., provides that "the *county* board of supervisors shall consist of the chairman of each of the several towns," etc., and its designation as the caption and name of the subject of ch. 36, R. S., is, "of the county board." It was often the case, as we have seen, that this officer used both of these designations, and yet this statute only provides that the officer theretofore known as the "clerk of the board of supervisors" shall be hereafter known as "county clerk," without providing what the designation of the officer theretofore known as the "clerk of the *county* board of supervisors" shall be hereafter. But that is not all. The same act provides that "such county clerk shall also be the clerk of the board of supervisors,"— a designation of that board not before known in the law as its corporate name.

In the deed under consideration both descriptions are used,— one for the seal, and the other for the signature. It was no doubt the intention of the legislature to secure uniformity in the official designation of that officer, but it is very questionable whether they have succeeded in doing so.

They found that when they had changed his name to that of "county clerk," the board of supervisors was left without a clerk, and so provided that he "shall also be the clerk of the board of supervisors." What difference does it make whether the clerk of the board of supervisors shall be county clerk, or that the county clerk shall be the clerk of the board of supervisors? It is a mere exchangeability or jingle of terms. Sec. 1178, R. S., provides that "all deeds of lands sold for the nonpayment of taxes, hereafter executed, shall be executed by the proper officer authorized by law to execute the same;" and in the *testatum* clause of the form of the deed given, there are the directions, "here designate the officer," and, after the signature, "here give official designation." The "county clerk" and "clerk of the board of supervisors" is the same officer with two names, and may be equally as well known by either. He is substantially and materially the clerk of the board of supervisors, and *nominally* county clerk. If he is really and substantially the clerk of the county, then by what principle of agency can he make deeds to the county?

I have extended this exposition, and perhaps criticism, of the statute making this change in the official designation of the clerk of the board of supervisors, in order to show how far material the legislature may have considered it, and how far material or substantial it should be considered, as to the validity of deeds or other instruments executed by this officer by either designation. There is certainly too much obscurity and uncertainty about it to give it such a severe construction as to invalidate a tax deed when either designation is used. It is not the deed of the clerk in either case, but of the state and county, and either name equally designates the officer, and the proper seal of the county or county board is affixed to his signature. The identity of the person is not uncertain or doubtful in either case. To hold such a statute imperative or mandatory would be con-

trary to all rules of statutory construction. Even if there was doubt about the person of the officer who executed this deed, if it could be clearly ascertained by the instrument itself who the officer was, then, by the decisions of this and other courts, it would be sufficient. But here there is no uncertainty whatever. The name is unquestionably correct, and the name of his office as county clerk is clearly indicated by his signature as clerk of the board of supervisors. This officer has two official names, and he·has given only one of them. If he had signed the deed as clerk of the county instead of county clerk, would the variance be fatal to the deed? Yet the law gives him no such name of office. There is scarcely uncertainty enough about who the person and officer was to make it necessary to invoke the maxim, *id certum est quod certum reddi potest.*

In *Knox v. Huidekoper, supra,* the true name of the officer was clerk of the *county* board of supervisors, and the word "county" was left out of the legal designation of the office. The corporate name of the board was "*county* board," and the officer was its clerk, which would make him clerk of the county board; and the present chief justice says in that case "that either of these descriptions was sufficient to identify the officer and show his relations to the board, and meets the requirements of the law." The case is in point, and such a question should have been treated as settled. If that language is authority in such a case, much more in this. But the cases are numerous in this court where variances in the *descriptio personœ* are much greater, and certainty has been ascertained by the instrument. *Klauber v. Charlton,* 45 Wis. 600, and cases there cited.

But it is said that the saving clause in the act of 1871, which made such a deed valid, was repealed by the Revision of 1878, and that this was a legislative expression that thereafter such a variance would be fatal. The case of *Scheiber v. Kaehler,* 49 Wis. 291, was decided, in respect

to such a variance, upon the statute of 1871 and the saving clause therein. If the legislature wished to give such an expression as to make such a deed void, it could have better done so in explicit language, and that they did not do so is rather evidence that they did not so intend. *Nunn v. Goodlett*, 10 Ark. 89; *Owen v. Nail*, 6 Term R. 702; *Treasurers v. Bates*, 2 Bailey, 362. But the principle that if certainty can be ascertained from the instrument itself it is sufficient, applies in all cases, unless the legislature has declared that it shall be void unless the exact form in the very words shall be observed.

*By the Court.*— The judgment of the circuit court is affirmed.