WILLIAM J. SCHUH, Corporation Counsel, Outagamie County
You have requested my opinion relative four questions which involve the respective powers of the County Board Chairman, County Board, County Clerk, and County Executive.
You submit the following statement of facts:
 "At the January session of the Outagamie County Board held on the 15th day of January, 1974, the Chairman of the County Board in his address to said Board issued the following directive:
 "Directed the County Clerk to refer all purchase vouchers to the committee of jurisdiction rather than the County Executive. Those Department Heads not under a committee of jurisdiction will refer vouchers to the Coordinating Committee. *Page 221 
"***
"Thereafter on January 16, 1974, the County Clerk issued the following directive to all Department Heads:
 "Please be advised that I will confirm [sic] with a directive issued by County Board Chairman, Russell DeLaHunt, during the January 15, 1974, session of the Outagamie County Board.
"The following directive will become effective immediately:
 "The County Clerk be directed to refer all purchase vouchers to individual committees of jurisdiction rather than the County Executive. Those Department Heads who have no committee of jurisdiction will be referred to the Coordinating Committee.
 "Therefore, the respective committees are requested to approve all vouchers, then return same to my office for the Clerk's signature.
"***
"Upon his return from Washington on the 18th day of January, 1974, the County Executive informed all Department Heads verbally that the procedures for handling and processing purchase vouchers as originally established by the Finance Committee in May of 1970, and further reaffirmed by himself in a letter to Department Heads dated June 27, 1973, remained in full force and effect ir-regardless [sic] of the contrary directives issued by the Chairman of the Board and the County Clerk. This procedure is summarized as follows:
 "1. Requisition forms are to be presented to the County Executive's office for approval or disapproval.
 "2. Approved requisition forms will be forwarded to the Service Center for assignment of purchase order.
 "3. Upon receipt of bill, Department Head should submit the billing under voucher to the County Executive's office. Said voucher must have the Department Head's approval somewhere on the inside of the voucher. *Page 222 
 "4. The County Executive's office will attach the original purchase order to the approved voucher and forward it to the Accounting Department for payment.
"***
 "The purchasing procedure customarily followed in Outagamie County was further re-emphasized in the Board Rules adopted by the County Board for the 1973-1974 session which states in part on pp. 53-55 as follows:"
The Finance Committee shall:
 "(a) . . . annually recommend a county budget prepared by the County Executive for submission to the County Board for its approval at the annual meeting in November.
 "(b) . . . advise the County Executive and his staff on policy and legislation on financial and purchasing matters.
"***
 "(d) The County Executive is charged with the responsibility to examine, settle and allow all general accounts against the County and to issue County orders therefore excepting, however, those accounts permitted to be paid as set out elsewhere in Rule 4.
"***
 "(n) Heads of county departments who desire to purchase office equipment and furniture for their offices situated in the Court House shall first obtain permission and approval of the County Executive before trying out or having demonstrated to them such equipment and furniture.
 "(o) It shall, with the cooperation of the various departments, and office of County Executive, bring about improved and more economical methods to be followed in purchasing procedures.
"***"
You further advise that in creating the office of County Executive the County Board provided that such officer shall: *Page 223 
 "(1) Be the County Auditor and function pursuant to Wisconsin Statutes, sec. 59.72.
"***
 "(6) Be directly responsible for the administration and management of staff functions, such as budgeting, purchasing, personnel administration and as Agent of the Board coordinate the activities of other departments."
 QUESTIONS INVOLVED
 1. Does the County Board Chairman have the authority to direct the County Clerk to refer all purchase vouchers to committees of jurisdiction rather than to the County Executive?
 2. Does the County Clerk have the authority to issue a directive requiring all purchase vouchers to be referred to the committees of jurisdiction and thereafter to himself for approval rather than being referred to the County Executive?
 3. Does the County Executive under sec. 59.032, Wis. Stats., have the administrative authority to approve and process purchase vouchers and pay bills for those items included within the executive budget as approved and adopted by the County Board?
 4. Can the salary of the County Executive be increased during his term so as to be effective during such term?
With respect to question one, I am of the opinion that the County Board Chairman does not have unilateral authority to issue a directive requiring the County Clerk to submit purchase orders to committees of jurisdiction rather than to the County Executive.
With respect to question two, I am of the opinion that under the facts stated, where the County Board has by Board rule designated the County Executive as purchasing officer and county auditor, the County Clerk does not have authority to issue a directive requiring all purchase vouchers to be referred to the committees of jurisdiction and thereafter to himself for approval rather than being referred to the County Executive. *Page 224 
With respect to question three, I am of the opinion that a County Executive does not have power under sec. 59.032, Stats., acting alone, to approve and process purchase vouchers and pay bills for those items included in the executive budget as approved and adopted by the County Board. However, under the facts stated, where the County Board by Board rule has designated the County Executive as purchasing officer and county auditor, I am of the opinion that such officer does have power to approve and process vouchers for payment if included within the executive budget as approved and adopted by the County Board. Before payment, however, such vouchers must be approved and signed by the County Clerk and County Treasurer in compliance with check-order requirements. Secs. 66.042 (1) and (3), and 59.17 (3), Stats. Before the County Clerk approves, payment must have been approved by the County Board or by a committee or officer such as the County Executive, which is the case here, acting in pursuance to a resolution or ordinance adopted by the County Board.
County officers, including officers of the Board, only have those powers expressly given by the Constitution, by or pursuant to statute, or which are necessarily implied. Maier v. RacineCounty (1957), 1 Wis.2d 384, 84 N.W.2d 76.
The Chairman of the County Board is a statutory officer. His principal powers are set forth in sec. 59.05 (1), Stats., which provides:
 "59.05 Chairman; vice chairmen; powers and duties. (1) The board, at the first meeting after each regular election at which members are elected for full terms, shall elect a member chairman. He shall perform all duties required of the chairman until the board elects his successor. He may administer oaths to persons required to be sworn concerning any matter submitted to the board or a committee thereof or connected with their powers or duties. He shall countersign all ordinances of the board, and shall preside at meetings when present. When directed by ordinance he shall countersign all county orders, transact all necessary board business with local and county officers, expedite all measures resolved upon by the board and shall take care that all federal, state and local laws, rules and regulations pertaining to county government are enforced." *Page 225 
Under sec. 59.06 (1), Stats., he may be authorized by the County Board to appoint committees to carry out the business of the Board. The County Board may authorize him to carry out administrative tasks, in addition to those specified in sec.59.05 (1), Stats., which may be exercised by the Board or a committee under sec. 59.15 (2) (a), Stats., as amended by ch. 118, Laws of 1973, or other express statute.
Powers conferred on a county officer by statute cannot be taken away by the County Board absent a statute permitting such action.Beal v. The Supervisors of St. Croix Co. (1861), 13 Wis. 559; TheTown of Crandon v. Forest County (1895), 91 Wis. 239,64 N.W. 847. A county through its Board "may by its acts arouse official action and official duties upon the part of county officers, but the powers of the latter derived from the state legislature may not be narrowed," taken away, or "enlarged" by the County Board "except in cases in which the legislature has authorized" it.Reichert v. Milwaukee County (1914), 159 Wis. 25, 35,150 N.W. 401.
The facts furnished do not indicate that the County Board had by ordinance or resolution authorized the Chairman of the County Board to issue a directive to department heads. Whereas the Board could have authorized the Chairman to request the County Clerk to exercise his statutory powers in a certain manner, neither the Board nor the Chairman could direct that he act in a given manner except perhaps with respect to his duties as Clerk of the County Board. In the instant case the directive of the Chairman appears to be in direct violation of the procedure adopted by the County Board with respect to purchase requisitions and pre-audit procedures. By rule adopted pursuant to resolution, these functions had been transferred from the County Clerk to the Chief Executive under statutory authority contained in secs. 59.07 (7), and 59.72 (2), Stats.
Although the office of County Clerk is not expressly referred to in the Constitution, it is included with "other county officers" in Art. VI, sec. 4, Wis. Const.; 24 OAG 787 (1935).State ex rel. Williams v. Samuelson (1907), 131 Wis. 499,111 N.W. 712.
Neither the legislature nor the Board may transfer the immemorial and important duties of a constitutional officer which characterize the office to another office or department. 24 OAG 787, 789-794 (1935). *Page 226 
The Samuelson case states that the County Clerk was essentially the Clerk for the County Board of Supervisors. Over the years the Clerk of the County Board of Supervisors was given additional duties by statute and was known as the County Clerk. He often assumed other duties which were not vested by statute in other officers by reason of necessity and availability. In Bulger v.Moore (1886), 67 Wis. 430, 433, 30 N.W. 713, it was stated:
 ". . . The `county clerk' and `clerk of the board of supervisors' is the same officer with two names . . . He is substantially and materially the clerk of the board of supervisors, and nominally county clerk. . . ."
The duties of the County Clerk are set forth in sec. 59.17, Stats., and many other statutes. I do not find any statute which expressly or impliedly vests power in such officer to issue directives to other officers or department heads relative to procedures to be followed with respect to purchase vouchers. The County Board could probably give the County Clerk that power, at least in counties without a County Executive. However, you state that the County Board has not authorized such action by resolution here.
I am of the opinion that duties of purchasing officer which may be exercised by a County Clerk and duties of pre-audit are not immemorial and important duties which characterize the office of County Clerk and hence can be transferred to a County Executive under the provisions of secs. 59.07 (7) and 59.72 (2), Stats.
Article IV, sec. 23, Wis. Const., authorizes the legislature to provide that counties may elect:
 ". . . a chief executive officer with such powers of an administrative character as they [the legislature] may from time to time prescribe. . . ."
Article IV, sec. 24, Wis. Const., grants such chief executive veto powers over "Every resolution or ordinance passed by the county board. . . ."
Section 59.032, Stats., provides in part:
"59.032 County executive in other counties. . . .
"*** *Page 227 
 "(2) DUTIES AND POWERS. The duties and powers of the county executive shall be, without restriction because of enumeration, to:
 "(a) Coordinate and direct, by executive order or otherwise, all administrative and management functions of the county government not otherwise vested by law in boards or commissions, or in other elected officers.
"***
 "(3) ADMINISTRATIVE SECRETARY TO COUNTY EXECUTIVE; STAFF. The county executive may appoint an administrative secretary and such additional staff assistants as are deemed necessary."
Under sec. 59.032 (5), Stats., the County Executive has a duty to communicate with the County Board as to the condition of the county, to recommend actions, and to submit the annual budget, reserving the power of veto with respect thereto. Under sec. 59.032 (6), Stats., such executive has the power to approve or veto all resolutions or ordinances, including power of approval in part as to appropriations.
County Clerk is an elective office included in sec. 59.15 (1), Stats., and is, therefore, excepted from the broad transfer of duties and powers referred to in sec. 59.15 (2), Stats., as amended by ch. 118, Laws of 1973. However, certain duties which the County Clerk may have exercised over the years which were not "otherwise vested by law in boards or commissions, or in other elective officers" could properly be transferred to the County Executive by the County Board or by action of the County Executive. Section 59.032 (2) (a), Stats., does authorize the County Executive to exercise substantial control over "all administrative and management functions of the county government not otherwise vested by law in boards or commissions, or in other elected officers." The County Executive can by executive order exercise direct control over the personnel performing such administrative and management functions and, in effect, transfer such personnel to his office by reason of sec. 59.032 (2) (a) and (3), Stats., or can exercise indirect control over such personnel. In the latter case, such personnel would continue to perform their functions within the department or office where they are presently located. *Page 228 
In counties having a County Executive, the role of the County Board becomes primarily, but not exclusively, policy-making and legislative. Pursuant to Art. IV, sec. 22, Wis. Const., the legislature has authorized county boards of supervisors to exercise both legislative and administrative powers. The legislature has not clearly spelled out the full powers of the County Executive, and the County Board has authority to transfer duties and functions of an administrative nature to such officer if they are not expressly reserved to some other elective officer, or are not immemorial and important duties of a constitutional officer which characterize such office.
Your fourth question is whether the salary of the County Executive can be increased during his term so as to be effective during such term. I am enclosing an opinion to the Corporation Counsel of Brown County dated November 4, 1970, which answers this question in the negative. Section 59.032 (4), Stats., provides that the salary of a County Executive shall be established at least 90 days prior to any election held to fill the office. Section 59.15 (1) (a), Stats., provides that such compensation cannot be increased or decreased during the term. Whereas sec. 66.197, Stats., does permit certain emergency salary increases, it expressly provides:
 ". . . The power granted by this section shall not extend to elected officials who by virtue of their office are entitled to participate in the establishment of the compensation attending their office."
Under sec. 59.032 (5), Stats., the County Executive is responsible for submission of the annual budget and may exercise the power of veto against any increase or decrease. Under sec. 59.032 (6), Stats., the County Executive must approve or veto every resolution or ordinance passed by the County Board. Also see Art. IV, sec. 23a, Wis. Const. Since the County Executive is entitled to participate in the establishment of compensation attending his office, his salary could not be increased during his term by reason of sec. 66.197, Stats.
RWW:RJV *Page 229