PHILLIP M. STEANS, District Attorney, Dunn County
You inquire whether the county board can authorize the county administrator to appoint personnel at the county health care facility.
I am of the opinion that it can if it acts under secs. 59.025 (3) (b) and (c), and 59.15 (2) (a), Stats., to transfer some of the powers of the board of trustees and the superintendent to the county administrator. *Page 257 
Section 59.025 (3) and (4), Stats., as created by ch. 118, Laws of 1973, provides:
 "(3) CREATION OF OFFICES. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board.
 "(4) SELECTION PROCESS FOR OFFICES. The county board may determine the method of selection of any county offices except for the offices of supervisors, judges, county clerk, county treasurer, clerk of courts, county executive and county assessor and those officers elected under section 4 of article VI of the constitution. The method may be by election or by appointment and, if by appointment, the county board shall determine the appointing authority, subject to ss. 59.031 and 59.032."
Section 46.18 (1), Stats., provides that every county health care facility shall be managed by a board of trustees, electors of the county, chosen by ballot by the county board. Section46.18 (2), Stats., provides that no member of the county board shall serve as trustee during the term for which he is elected. Under sec. 59.033 (2) (c), Stats., the county administrator would have power to appoint such trustees subject to confirmation by the county board. Section 46.19 (1), Stats., provides that the trustees shall appoint a superintendent of each institution and shall prescribe his duties. Section 46.19 (3), Stats., provides that the superintendent, subject to the approval of the trustees, shall appoint and prescribe the duties of necessary additional officers and employes subject to county civil *Page 258 
service law. A superintendent is ex officio secretary of the board of trustees by reason of sec. 46.18 (5), Stats., is required to file a bond and is considered an officer of the county under sec. 49.19, Stats.
County boards have only such legislative powers as are expressly granted by statute or necessarily implied. ColumbiaCounty v. Wisconsin Retirement Fund (1962), 17 Wis.2d 310,116 N.W.2d 142; Maier v. Racine County (1957), 1 Wis.2d 384,84 N.W.2d 76. Section 59.025 (2), Stats., as created by ch. 118, Laws of 1973, provides in part:
 ". . . The powers conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail."
Similar "in the event of conflict" language is contained in sec. 59.15 (4), Stats.
The powers granted the various county boards of supervisors are subject to limitations of express language in applicable statutes and to the Constitution. Neither the legislature nor the county board may transfer the immemorial and important duties of a constitutional officer which characterize the office to another office or department. 24 OAG 787, 789-794 (1935). Neither the board of trustees of a county health care center nor its superintendent is a constitutional officer.
While it can be argued that the manner in which county institutions are managed is a matter of statewide concern, sec.46.18, Stats., insofar as it relates to houses of correction, only applies to counties with less than 500,000 population. That in itself would not necessarily mean that the enactment does not "with uniformity affect every county" as even under the uniform as practical requirement of former Art. IV, sec. 23, Wis. Const., reasonable classification of counties would permit some variation in the one system of county government rule. Present Art. IV, sec. 23, Wis. Const., permits the legislature to establish "one or more systems of county government." *Page 259 
The legislature has indirectly determined that the manner in which county institutions are managed is not a matter of statewide concern which must be provided for in a uniform pattern in every county. Every county is not required to have one or more of the institutions provided for in sec. 46.18, Stats. The offices of the board of trustees in any given county and the office of superintendent of the respective institution are probably created under a statute and not by a statute. See discussion at 61 OAG 287, 289 (1972), as to the applicability of sec. 59.15 (2) (a), Stats., in such case.
Former sec. 59.08 (8), 1931 Stats., empowered a county board at its annual meeting to abolish, create or reestablish any office or position, with exceptions, created by any special or generalprovision of the statutes. In 21 OAG 1036 (1932), it was stated that the county board could abolish a board of trustees of a county institution by reason of such statute and provide for performance of the functions of such board by a county board committee.
In 1945 the provisions of former sec. 59.08 (8), Stats., became a part of sec. 59.15 (2) (a) and (b), Stats. Ch. 559, Laws of 1945. Subsection (2) (a) referred to "any office, board, commission, committee, position, or employe . . . created by orpursuant to any special or general provisions of the statutes" and subsec. (2) (b) provided:
 "(b) The county board at any regular or special meeting may abolish, create, or reestablish any such office, board, commission, committee, position, or employment, and in furtherance of this authority may transfer the functions, duties, responsibilities and privileges to any other existing or newly created agency including a committee of the county board except as to boards of trustees of county institutions." (Emphasis added.)
Chapter 651, Laws of 1955, amended sec. 59.15 (2) (a), Stats., by changing "created by or pursuant to any special or general provisions of the statutes" to "created under any statute" but retained the language in sec. 59.15 (2) (b), Stats., "except as to boards of trustees of county institutions." *Page 260 
Chapter 118, Laws of 1973, repealed sec. 59.15 (2) (b), Stats., and amended sec. 59.15 (2) (a), Stats., to provide:
 "59.15 (2) (a) The board has the powers set forth in this subsection [and]*, sub. (3) and s. 59.025 as to any office, department, board, commission, committee, position or employe in county service (other than elective offices included under sub. (1), supervisors and circuit judges) created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which lie within the county or any portion thereof and the powers conferred by this section shall be in addition to all other grants of power and shall be limited only by express language."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
The "created under any statute" language was retained and was made applicable to board powers under sec. 59.025, Stats., as well as subsecs. (2) and (3) of sec. 59.15, Stats.
The material provisions of former sec. 59.15 (2) (b), Stats., are incorporated in new sec. 59.025 (3), Stats., created by ch. 118, Laws of 1973, but it is noteworthy that the board's power to abolish, create, reestablish any county office, committee, board, commission, position or employment, or to transfer the functions, duties, responsibilities and privileges to any other agency including a committee of the county board, is no longer limited by language "except as to boards of trustees of county institutions."
RWW:RJV