HOWARD G. BJORKLUND, Secretary Law Enforcement Standards BoardDepartment of Justice
You have requested my opinion whether nonpardoned felons may be certified and employed as law enforcement officers under the Wisconsin Constitution and statutes.
As you indicate in your request, convicted felons are presently disqualified from certification by virtue of Wis. Adm. Code section LES 2.01 (1) (d), "unless the applicant has been granted an absolute and unconditional pardon." I understand that the Law Enforcement Standards Board has been asked to consider repeal of this rule, and wishes to know the consequences of repeal.
Wis. Const. art. XIII, sec. 3, provides in part:
 ". . . no person convicted of any infamous crime in any court within the United States . . . shall be eligible to any office of trust, profit or honor in this state."
In Becker v. Green County, 176 Wis. 120, 184 N.W. 715 (1922), the court defined an "infamous crime" as one punishable by imprisonment in a state prison. Since sec. 939.60, Stats., defines a felony in the same way, it follows that an infamous crime within the meaning of Wis. Const. art. XIII, sec. 3, is a felony. The question remains whether law enforcement offices are offices of "trust, profit or honor" in Wisconsin. *Page 293 
In Martin v. Smith, 239 Wis. 314, 1 N.W.2d 163 (1941), the court held that the president of the University of Wisconsin does not hold an office of trust, profit or honor because he is appointed by and serves at the will of the Board of Regents, which may withdraw at any time the powers it has conferred upon him. The court noted that the line between an officer and an employe is often a fine one, but stated:
 "`An office is where, for the time being, a portion of the sovereignty, legislative, executive or judicial, attaches, to be exercised for the public benefit.'" 239 Wis. at p. 330.
The court noted further that, in general. an officer serves for a definite time and is required to take an oath of office upon assuming his responsibilities, but that the primary characteristic of an officer is that "there is devolved upon him by law the exercise of some portion of the sovereign power of the state in the exercise of which the public has a concern."239 Wis. at p. 332.
In consequence, in determining whether a law enforcement officer holds a position of public trust under Wis. Const. art. XIII, sec. 3, it is necessary to look to the nature of the duties conferred upon him by law and to determine whether a portion of the sovereign power attaches to him by virtue of his position.
1. CONSTABLES
Town constables are elected biennially at town meetings to serve for a two-year term. As a precondition to serving, they must take an official oath and file an official bond. See secs. 60.19-60.22, 60.53, Stats. The duties of a constable are set forth in sec. 60.54, Stats., and include the duties to:
 "(1) Serve within his county any writ, process, order or notice, and execute any order, warrant or execution lawfully directed to or required to be executed by him by any court or officer.
"* * *
 "(5) Impound cattle, horses, sheep, swine and other animals at large on the highways in violation of any duty published order or bylaw adopted at an annual town meeting.
 "(6) Cause to be prosecuted all violations of law of which he has knowledge or information. *Page 294 
"* * *
"(7) Perform all other duties required by any law."
Pursuant to sec. 59.24, Stats., constables may "call to their aid such persons or power of their county as they may deem necessary" for service of processes and the apprehension of persons for breach of the peace or for felony. Under sec. 947.06 (1), Stats., they have a duty to "suppress unlawful assemblies" within their jurisdiction and for that purpose may order persons unlawfully assembled to disperse.
Given the nature of their powers and duties set forth above, constables exercise a portion of the sovereign power of the state since they are required to use the police power of the state to apprehend violators of the law. That being the case, they are public officers as that term is defined in Martin v. Smith,supra, and therefore nonpardoned felons may not serve as constables.
Section 61.29, Stats., provides that village constables "shall be governed in every respect by the law prescribed for constables in towns." Consequently they, too, hold an office of "trust, profit or honor" within the meaning of Wis. Const. art. XIII, sec. 3.
II. COUNTY SHERIFFS
Wis. Const. art. VI, sec. 4, provides in part:
 "Sheriffs . . . and all other county officers . . . shall be chosen by the electors of the respective counties once in every two years . . . ."
pursuant to sec. 59.13, Stats., a sheriff must file an official bond and take an official oath following his election to office. He shares many of the duties of a constable, among them, the duties to serve processes in civil and criminal actions, to apprehend persons for felonies and breaches of the peace, and to prevent unlawful assemblies. See secs. 59.23, 59.24, 264.07, and947.06, Stats. In addition, under sec. 59.24, Stats. a sheriff is responsible for preserving peace and for suppressing riots and insurrections within his county.
In view of the similar duties which they exercise it is my opinion that sheriffs, like constables, are public officers within the meaning of Wis. Const. art. XIII, sec. 3. Consequently, nonpardoned felons may not serve as county sheriffs. *Page 295 
III. DEPUTY SHERIFFS
Pursuant to sec. 59.21, Stats., a sheriff, within 10 days of entering upon the duties of his office, shall appoint deputy sheriffs for his county in the manner set forth in that statute. Although deputy sheriffs hold office "on good behavior" rather than for a fixed term (see sec. 59.21 (8)(b), Stats.), they may be required to file an official bond. Sec. 59.22, Stats.
In 3 OAG 672 (1914), it was stated:
 "That a deputy sheriff is an officer has often been held by the courts.
 "The deputy sheriff is an officer coeval in point of antiquities with the sheriff. The creation of deputies arises from an impossibility of the sheriff's performing all the duties of his office in person . . . ."
Furthermore a deputy sheriff is among those persons empowered by sec. 59.24, Stats., to "keep and preserve the peace . . . and quiet and suppress all affrays, routs, riots, unlawful assemblies and insurrections" in their respective counties. Consequently the legislature has delegated to deputy sheriffs some portion of the sovereign police power of the state, and I adhere to the opinion of my predecessor, set forth above. Therefore, nonpardoned felons may not serve as deputy sheriffs.
IV. APPOINTED POLICEMEN AND PATROLMEN
Policemen and patrolmen present a more difficult class of law enforcement officers to categorize as either public officers or public employes. They are not elected; they normally serve permanently rather than for a fixed term; and they neither take an official oath nor file an official bond upon assuming their duties. However, as the court stated in Martin v. Smith. supra, the principal characteristic of an officer is that he exercise some portion of the sovereign power for the public benefit. It is my opinion that some of the powers and duties of police and patrolmen are of a sovereign nature, and consequently that they are officers within the meaning of Wis. Const. art. XIII, sec. 3.
Policemen clearly have been given authority to exercise certain powers of the sovereign for the benefit of the public. Section62.09 (13)(a), Stats., provides in part: *Page 296 
 ". . . The chief [of police] and each policeman shall possess the powers, enjoy the privileges and be subject to the liabilities conferred and imposed by law upon constables . . . ."
Thus to the extent that a constable exercises some part of the sovereign power, policemen have been given the same authority.
In addition, policemen have the authority to "arrest with or without process" any person violating any state law or city ordinance, sec. 62.09 (13)(a), Stats. Sections 968.24 and 968.25, Stats., permit law enforcement officers, including policemen, to stop persons whom they suspect have committed or are about to commit a crime, to question those persons, and to search them for weapons. See also secs. 968.07 (1)(d) and 968.08, Stats., giving policemen the authority to arrest and release persons without a warrant on the basis of probable cause.
These statutes clearly give to policemen powers which are exercised "on the street" and which by their very nature call for substantial independent judgment and discretion on the part of the policeman. As the Illinois Supreme Court found in Coursey v.Greater Niles Township Publishing Corp., 40 111.2d 257,239 N.E.2d 837 (1968):
 ". . . Although as a patrolman [the plaintiff] is `the lowest in rank of police officials' and would have slight voice in setting departmental policies, his duties are peculiarly `governmental' in character and highly charged with the public interest. It is indisputable that law enforcement is a primary function of local government and that the public has a far greater interest in the qualifications and conduct of law enforcement officers, even at, and perhaps especially at, an `on the street' level than in the qualifications and conduct of other comparably low-ranking government employees performing more proprietary functions . . . ."
The court held that patrolmen are within the "public official" classification.
Our own supreme court has decided the question of whether policemen are public officers or employes in both ways. InHeffernan v. Janesville, 248 Wis. 299, 21 N.W.2d 651 (1946), the court held that police officers (patrolmen) are not public officers, and therefore are ineligible for back pay for a period of improper *Page 297 
suspension. However, five years later in Larson v. Lester,259 Wis. 440, 49 N.W.2d 414 (1951), the court found that the term "public officers," as used in sec. 270.58, Stats. (1951), included police officers, who consequently could be indemnified for judgments obtained against them for acts committed in their official capacity.
In Matczak v. Mathews, 265 Wis. 1, 60 N.W.2d 352 (1953), Justice Currie distinguished the results in the two cases, on the following basis:
 "Some words and phrases are subject to more than one meaning, depending upon the context in which used. The term `public officer' falls within this category. A city police patrolman is not a public officer in the sense of having a salary attached to his position which would be due to him if he were wrongfully suspended or ousted from such position irrespective of whether he had sustained any actual damage thereby. On the other hand, a police patrolman is commonly referred to as a police officer and in this sense is a public officer. We are satisfied that it was the intention of the legislature to include police officers within the term `public officers' appearing in sec. 270.58, Stats.
For the reasons set forth above, I am satisfied that policemen are also "public officers" in the constitutional sense. Therefore, a felon who has not received an absolute and unconditional pardon may not be appointed to serve as a policeman.
In summary, law enforcement officers in Wisconsin enumerated herein have been delegated some portion of the sovereign power of the state by virtue of their authority to make arrests and to engage in other peace-keeping activities. Whether or not their actions are or may be subsequently nullified by a superior officer or a prosecutor or a court, by apprehending criminals and engaging in similar related activities, they are exercising the police power of the sovereign. In consequence they hold office within the meaning of Wis. Const. art. XIII, sec. 3, as interpreted. and a convicted felon who has not received an absolute and unconditional pardon is ineligible for all such positions.
BCL:WHW *Page 298