WILLIAM F. BOCK, Corporation Counsel Racine County
You advise that many discussions and disagreements have arisen in your county over the dividing line of authority between the county executive and county board committees as their respective duties involve the operation of the various county departments. You ask the following question:
 The basic question which seems to surface in all of the discussions is what authority does a servicing committee have over the various departments regarding their day-to-day operation, and likewise what authority does the County Executive have over the various departments, and is his power limited in any way or does it come in conflict with the County Board's authority over the departments?
The significant evolution which has taken place in the law relating to county administrative practice in Wisconsin in the past ten years, particularly as it relates to the elective executive, is obviously at the core of your question.
Although the county board of supervisors historically has functioned both as a legislative body and as the central executive in Wisconsin counties, the actual administration and direction of county functions has been exercised primarily by county commissions, boards and committees, including the standing committees of the county board appointed under the provisions of sec. 59.06, Stats. See *Page 93 
59 Op. Att'y Gen. 1, 2 (1970). Some county committees are "operating" or "servicing" committees in the sense that they have the responsibility of supervising or overseeing specific county departments or functions. In some instances these committees are only exercising delegated administrative authority of the county board, which arises principally by necessary implication from the general powers of the county board which are set forth in sec.59.07, Stats. Conversely, in a number of instances such committees exercise, in differing degrees, independent administrative and management authority based on separate, specific statutory enactments. See. for instance, sec. 59.97 (2), Stats. (county planning and zoning committee); sec. 83.015 (2), Stats. (county highway committee); and secs. 59.87 (6) and 92.06, Stats. (county committee on agriculture and extension education).
Except in Milwaukee County, there was no potential for change in this pattern of administrative control through an elective county executive until the enactment of sec. 59.032, Stats. (1967), by ch. 306, Laws of 1967. That statute authorized such an officer in other counties, but with duties and powers which were largely limited to those delegated by the county board. Shortly thereafter, the recommendations of the Tarr Task Force on Local Government Finance and Organization for reform of the office of county executive included the recommendation that the executive be granted powers and duties directly by statute rather than through the county board of supervisors and that those powers and duties include control over all but certain administrative functions specifically vested in certain boards, commissions and elected officers. These recommendations were apparently stimulated at least in part by concern that the above-described splintering of the counties' administrative duties could produce a relatively inefficient system with no person having responsibility for the implementation of the policies of county government and for its overall management. See Tarr Task Force, Government Organization Reports No. 1 (Government Administrative Organization, dated July 22, 1968) and No. 6 (County Executive and County Administrator — Bill Draft, dated October 28, 1968). Subsequent amendment or wis. Const. art. IV, secs. 23 and23a, in April, 1969, and of sec. 59.032 (2), Stats., by ch. 214, Laws of 1969, allowed these recommendations to be largely realized.
Wisconsin Constitution art. IV, sec. 23. now authorizes the Legislature to provide that counties may elect "a chief executive officer . . . *Page 94 
with such powers of an administrative character as they [the Legislature] may from time to time prescribe . . . ." Wisconsin Constitution art. IV, sec. 23a, grants such chief executive veto powers over "Every resolution or ordinance passed by the county board."
Section 59.032, Stats., which applies generally outside Milwaukee County, provides in part:
County executive in other counties.
. . . .
 (2) Duties and powers. The duties and powers of the county executive shall be, without restriction because of enumeration, to:
 (a) Coordinate and direct, by executive order or otherwise, all administrative and management functions of the county government not otherwise vested by law in boards or commissions, or in other elected officers.
The language set forth in sec. 59.032 (2) (a), Stats., first appeared in sec. 59.031 (2)(a), Stats. (1959), which originally created the office of county executive only for populous counties. Ch. 327, Laws of 1959. The apparent intended effect of the statutory language was discussed prior to its enactment, as follows:
1. The Office of County Executive
 The County Executive officer, as proposed in Bill 441, S., of 1959, occupies the position of an executive secretary of the Milwaukee county board. He takes over the administrative and executive functions of the county board which are presently to a large extent in the hands of standing committees of the county board. He is not a "county manager," that is, he does not replace the various elective administrative and executive county officers now required by the constitution and the statutes of Wisconsin.
 Administrative and management functions vested by law in specific boards or commissions do not become subject to the powers of coordination and direction of the county executive under this bill. . . . *Page 95 
 2. The Administrative Functions of the County Executive
 As the executive officer of the county board, the county executive assumes responsibility for the performance of all administrative functions now carried out by the county board of Milwaukee County. The county board thus becomes a purely legislative body.
 The general powers of county boards, and the additional powers vested specifically in the board of Milwaukee County, are set out in Section 59.07 of the Wisconsin Statutes. The administrative and executive functions of the county board are largely inherent in the powers granted under this section. We may therefore assume that the main administrative functions to be taken over by the county executive are those of Sec. 59.07 Wis. Stats.
The County Executive Officer under Bill 441, S., of 1959, compiled by Wisconsin Legislative Reference Library, April 1959, Document 352.923;W7.
Thus, the traditional mode of administration is altered considerably in a county, such as yours, which has an elected county executive. In such a county, the role of the county board is primarily policy-making and legislative, and the county executive exercises substantial direct and indirect control over personnel performing administrative and management functions for the various county departments and offices. 63 Op. Att'y Gen. 220, 227, 228 (1974).
To the extent that a county committee may be exercising quasi-legislative authority delegated directly by the Legislature or through the county board or is engaged in activity essential to the legislative process, the county executive may not intrude. But, the net effect of sec. 59.032 (2)(a), Stats., is to place the coordination and direction of all administrative and management functions exercised by county committees in the hands of the county executive, since such committees are not "boards or commissions, or . . . other elected officers," and, with but few exceptions, such committees exercise delegated administrative and management authority rather than authority which is specifically vested in them "by law," i.e., by statute. Likewise, *Page 96 
in some instances the county board may also deem it appropriate to transfer to the county executive, under the provisions of secs. 59.025 (3)(c) and 59.15 (2)(a), Stats., certain administrative functions of a board, commission, committee or certain other officers created under statute. See 63 Op. Att'y Gen. 256 (1974). On the other hand, if administrative and management authority which is "otherwise vested by law" in a board, commission or officer of the county is properly transferred to a county committee, under the provisions of secs. 59.025 (3)(c) and 59.15 (2)(a), Stats., the independent character of that authority persists in the committee, and it may be exercised by the committee free of control by the executive.
Some generalizations can be made concerning the probable result when a county executive and a county committee come into conflict in reference to the operation of a particular department or function. Ordinarily, an "operating" or "servicing" committee of the county does not have authority to exercise day-to-day administrative supervision and direction of such department or function, where the county has a county executive. Each dispute, however, must be reviewed individually since the committee may be exercising legislative rather than administrative power or may be properly exercising administrative power which is beyond the control of the county executive.
Counties choosing a county executive may well experience transition problems caused by friction arising naturally and perhaps unavoidably from the fact that certain county board operating committees were formerly responsible for many of the administrative concerns which are either conferred on the office of the executive by statute or are delegated to the executive by the county board. As to powers delegated to the executive by board action, the board would appear to have inherent power to attempt to resolve jurisdictional disputes which may arise. While a board may lack such inherent authority with regard to jurisdictional disputes over powers now conferred by statute on the executive, as a practical matter, a board could well exert considerable influence over the peaceful and speedy resolution of such controversies.
BCL:JCM *Page 97