GARRETT N. KAVANAGH, District Attorney Fond du Lac County
You have requested my opinion concerning a question posed by the former corporation counsel of Fond du Lac County. The question is whether the Fond du Lac County Board may make the corporation counsel "accountable" to the county executive "in accordance with the policies governing Fond du Lac County employees set forth in the Fond du Lac County Personnel Practices and Procedures Ordinance." I understand that this ordinance is not a civil service ordinance and that Fond du Lac County has no civil service ordinance.
Accountability has three aspects — the power to appoint, the power to supervise and the power to remove. Although I do not have a complete copy of the ordinance, I will assume that it provides *Page 162 
for the appointment, supervision and removal of the corporation counsel by the county executive, without the approval of the county board.
It is my opinion that in a county with a population of under 500,000 which does not have a civil service ordinance:
(1) The corporation counsel is appointed by the county executive and confirmed by the county board;
(2) The county executive possesses administrative and managerial authority over the corporation counsel, and supervisory authority of a legislative or policy-making nature may be exercised by the county board or one of its committees; and
(3) The corporation counsel serves at the pleasure of the county board and may only be removed by a majority of the members of that body.
I. The Power To Appoint.
Section 59.07(44) empowers the county board "[i]n counties not having a population of 500,000 or more [to] employ a corporation counsel, and fix his salary."
Section 59.032, in turn, provides that:
 (1) . . . Counties having a population of less than 500,000 may by resolution of the county board or by petition and referendum create the office of county executive . . . .
 (2) DUTIES AND POWERS. The duties and powers of the county executive shall be, without restriction because of enumeration, to:
. . . .
 (b) Appoint the heads of all departments of the county except those elected by the people and except where the law provides that the appointment shall be made by a board or commission or by other elected officers; but he shall also appoint all department heads where the law provides that the appointment shall be made by the chairman of the county board or by the county board. Such appointments shall require the confirmation of the county board. The county executive may file, with the county board, *Page 163 
charges for the removal, discharge or suspension of any person so appointed.
I understand that the county board has not acted, pursuant to section 59.025, to designate the corporation counsel as a department head or to authorize the county executive to appoint the corporation counsel. Section 59.025(3) and (4) provides:
 (3) CREATION OF OFFICES. Except for the offices of
supervisor, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 (a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 (b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 (c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board.
 (4) SELECTION PROCESS FOR OFFICES. The county board may determine the method of selection of any county offic[e] . . . . The method may be by election or by appointment and, if by appointment, the county board shall determine the appointing authority, subject to ss. 59.031 and 59.032.
At the time section 59.032 was passed, the Legislature could not have made reference to section 59.025 because that section had not yet been enacted. See 65 Op. Att'y Gen. 245, 246 (1976); 62 Op. Att'y Gen. 14 (1973). At the time section 59.032 was passed, the Legislature must nevertheless have intended to remove the county board's power to appoint "department heads" in those counties which chose to establish the office of county executive. The principal officers or employes which the county board had the power to employ at the time section 59.032 was passed were the veteran's service officer, the corporation counsel and the highway commissioner. See secs. 45.43(1), 59.07(44) and 83.01(1). This office has already indicated that the highway commissioner is a "department head" *Page 164 
within the meaning of section 59.032(2). See 61 Op. Att'y Gen. 116, 117 (1972). Because of the breadth of section 59.032, see 68 Op. Att'y Gen. 92 (1979), I am of the opinion that the term "department head" includes, at a minimum, the principal officers or employes whom the county board possessed the express statutory authority to appoint at the time section 59.032(2) was passed. Section 59.032(2)(b) therefore requires that the corporation counsel be appointed by the county executive.
It is immaterial that the county board has not acted to designate the corporation counsel as a department head under section 59.025. By virtue of the passage of section 59.032(2), the Legislature transferred the authority to appoint the corporation counsel from the county board to the county executive. Since the powers then vested by statute in the county executive have always been expressly excepted from the operation of section 59.025, that statute provides no authority for the county board, either by action or inaction, to transfer the power to appoint the corporation counsel from the county executive to another entity.
II. The Power To Supervise.
Section 59.032(2)(a) empowers the county executive to "[c]oordinate and direct, by executive order or otherwise, all administrative and management functions of the county government not otherwise vested by law in boards or commissions, or in other elected officers." The term "board" does not refer to the county board. See 61 Op. Att'y Gen. 116 (1972). Since no other board, commission or elected officer possesses supervisory authority over the corporation counsel, the county executive exercises direct or indirect control over the administrative and management functions associated with the corporation counsel's office. Generally speaking, administrative and management functions refer to those functions which are not policy-making and legislative.See 68 Op. Att'y Gen. 92, 94-95 (1979); 63 Op. Att'y Gen. 220, 227, 228 (1974). The latter functions are retained by the county board or its committees. See 68 Op. Att'y Gen. 92, 94 (1979). While it would be impossible to precisely define the line where administrative and management functions end and legislative or policy-making functions begin, the power to supervise personnel on a day-to-day basis would appear to be an administrative and management function. See 63 Op. Att'y Gen. 220, 227 (1974). *Page 165 
Unless permitted by statute, the county executive's administrative and managerial authority with respect to the corporation counsel may not be infringed upon or removed by the county board. See 65 Op. Att'y Gen. 245, 247 (1976). The county board could establish regulations of employment for the corporation counsel pursuant to section 59.15(2)(c) and could, for the purpose of clarity, enact an ordinance or resolution reiterating that the corporation counsel is subject to the administrative and managerial authority of the county executive. The county executive could also, by executive order, establish minimum work rule standards for the corporation counsel and issue oral or written reprimands if those standards were violated. For the reasons which follow, however, the establishment of any such system is largely superfluous with respect to the office of corporation counsel in a county which does not have a civil service ordinance.
III. Power To Remove.
Appointive county officers generally may be removed only for cause:
Appointive county officers may be removed as follows:
. . . .
 (2) APPOINTED BY COUNTY BOARD. County officers appointed by the county board, by that body, for cause. All such removals may be made by an affirmative vote of two-thirds of the supervisors entitled to seats on such board.
. . . .
 (7) GENERAL EXCEPTION. But no county officer appointed according to merit and fitness under and subject to a civil service law, or whose removal is governed by such a law, shall be removed otherwise than as therein provided.
Sec. 17.10, Stats.
Section 59.07(44) contains considerably different language, stating that the corporation counsel's "employment may be terminated at any time by a majority vote of all the members of the board." To the extent that the specific provisions of section59.07(44) are in apparent conflict with the general provisions of section 17.10, the *Page 166 
provisions of the more specific statute are controlling. SeeLuedtke v. Shedivy, 51 Wis.2d 110, 118, 186 N.W.2d 220 (1971).
Section 59.07(44) indicates that the corporation counsel may be removed by a simple majority of the entire county board; section17.10(2) indicates that a two-thirds vote of the entire board is required to remove county officers. In addition, section59.07(44) provides that the services of the corporation counsel may be terminated "at any time." In Patterson v. Ramsey,413 F. Supp. 523, 531 (D. Md. 1976), aff'd per curiam, 552 F.2d 117 (4th Cir. 1977), the district court was called upon to construe a statute which provided, in relevant part, that, "[t]he Board shall have the power and authority to appoint and remove atpleasure . . . ." The holding was as follows:
 The Court construes the words "at pleasure" to mean that the Board may remove the . . . [employe] for any reason except an unconstitutional reason. The statute plainly omits any requirement that the removal be for good cause or any specific reason. This reading of the provision (mandated by the plain words) makes sense in light of the relationship between the Board and the . . . [employe] and in light of the highly discretionary nature of the . . . [employe's] job. The Board is composed of nine members . . . whose function is to broadly oversee the workings of the system and to set . . . policy in the system. The . . . [employe] has the highly discretionary task of implementing the Board's general directions. In such a relationship, the pleasure of the superior is quite often the standard by which the employee is hired and fired.
413 F. Supp. at 531 (emphasis supplied). The lack of any requirement of removal for cause in section 59.07(44) indicates that the corporation counsel in a county which does not have a civil service ordinance serves at the pleasure of the county board.
Because the specific provisions for removal of the corporation counsel under section 59.07(44) cannot be harmonized with the general provisions for removal of appointive county officers under section 17.10, there is no need to determine whether the corporation counsel is an appointive county "officer." CompareSieb v. Racine, 176 Wis. 617, 624, 187 N.W. 989 (1922); 1 Op. Att'y Gen. 521 (1913); and 1908 Op. Att'y Gen. 862 with 65 Op. Att'y Gen. 292 (1976); Martin v. Smith, 239 Wis. 314, 322,1 N.W.2d 163 (1941); and *Page 167 Thompson v. Whitefish Bay, 257 Wis. 151, 155-56, 42 N.W.2d 462
(1950).
Removal of the corporation counsel can occur only "by a majority vote of all the members of the board." Sec. 59.07(44), Stats. This power to remove carries with it the power to suspend. Cf. 16 Op. Att'y Gen. 638 (1927).
The county executive has no statutory authority to unilaterally remove a department head, but may "file, with the county board, charges for . . . removal, discharge or suspension . . . ." Sec. 59.032(2)(b), Stats. Violations of work rules and the existence of oral or written reprimands might support such charges and might also be relevant to a determination of "cause" for the removal of appointive county officers under section 17.16(2). But documented work rule violations are not necessary to support removal of the corporation counsel in a county which does not have a civil service ordinance. The Ramsey case indicates that, pursuant to the specific provisions of section 59.07(44), the corporation counsel may be removed at any time for any reason which is not unlawful.
The former corporation counsel also asked me to address the question of whether the county board may lawfully transfer to the county executive the power to appoint, supervise and remove the corporation counsel. His principal concern was that the transfer of any such authority would constitute an impermissible delegation of legislative power. I indicated in 68 Op. Att'y Gen. 92, 95 (1979) that "[t]o the extent that a county committee may be exercising quasi-legislative authority delegated directly by the Legislature or through the county board or is engaged in activity essential to the legislative process, the county executive may not intrude." This statement did not contemplate a situation where the county board actually attempted to delegate legislative power. Compare Westring v. James, 71 Wis.2d 462,469, 238 N.W.2d 695 (1976). It bears repeating that:
 [T]he legislature has authorized county boards of supervisors to exercise both legislative and administrative powers . . . . [A]nd the County Board has authority to transfer duties and functions of an administrative nature to . . . [the county executive] if they are not expressly reserved to some other elective officer, or are not immemorial and important duties of a constitutional officer which characterize such office. *Page 168 
63 Op. Att'y Gen. 220, 228 (1974).
Acting as an appointing authority, as a supervisor concerning personnel matters, and as a removing authority with respect to department heads are all administrative and managerial, rather than legislative or policy-making functions. Cf. 63 Op. Att'y Gen. 220, 227 (1974). This fact situation therefore does not involve a question of the impermissible delegation of legislative authority.
Nevertheless, a transfer of functions to the county executive under section 59.025 can only occur if permitted by some other specific statute. See 67 Op. Att'y Gen. 1, 3 (1978). Section 59.025 need not be used to transfer the power to appoint or supervise the corporation counsel. The power to appoint is transferred to the county executive by operation of section 59.032(2)(b). The day-to-day power to supervise the corporation counsel in personnel matters is similarly transferred to the county executive by operation of section 59.032(2)(a). The Legislature apparently did not intend to authorize the county executive to unilaterally remove department heads. See sec. 59.032(2)(b), Stats. In a county which does not have a civil service ordinance, there appears to be no statutory authority for the county board to transfer the power to remove the corporation counsel from the county board to the county executive.
Under the stated facts, the corporation counsel in your county is appointed by the county executive, supervised with respect to personnel matters on a day-to-day basis by the county executive and removable at pleasure by a majority of the members of the entire county board. No ordinance or resolution should contain provisions to the contrary.
BCL:FTC *Page 169