RICHARD HAMILTON, Corporation Counsel Outagamie County
You ask two questions concerning the respective roles of the county board and the county executive. The Outagamie County Board has passed an ordinance delegating the authority to decide the method and means for selling county property, and the authority to conduct negotiations for sales of property, to the Property Committee. The county board has also granted the authority to negotiate contracts for public works of less than $20,000 and the selection of architectural and engineering firms to the Property Committee. You ask whether these ordinances infringe upon the administrative duties and powers of the county executive.
As explained in 68 Op. Att'y Gen. 92, 95 (1979), the role of the county board is primarily policy making and legislative. The county executive has the duty to "[c]oordinate and direct by executive order or otherwise all administrative and management functions of the county government not otherwise vested by law in other elected officers." Sec. 59.031(2)(a), Stats.
 [T]he net effect . . . is to place the coordination and direction of all administrative and management functions exercised by county committees in the hands of the county executive, since such committees are not " . . . other elected officers," and, with but few exceptions, such committees exercise delegated administrative and management *Page 50 
authority rather than authority which is specifically vested in them "by law."
68 Op. Att'y Gen. at 95.
Section 59.07(1)(c), Stats., gives the county board the specific authority to "[d]irect the clerk to lease, sell or convey or contract to sell or convey any county property, not donated and required to be held for a special purpose, on such terms as the board approves." The decision to sell county land, and the terms of that sale, are policy decisions which must be made by the legislative authority, the county board.
The county board may, as a matter of policy, determine that it does not want to sell property unless it is sold in a certain manner, for example by auction, under certain conditions restricting use, or above a certain price. The county executive's administrative duties would require him or her to effectuate those county board policies.
It is possible that some of the responsibilities delegated to the committee may conflict with some administrative duties of the county executive. For example, under section 8.01(3)(a) and (b) of the ordinance, the committee is authorized to negotiate contracts, the estimated cost of which does not exceed $20,000. The actual negotiation of the terms of a contract may involve some administrative duties. Ultimately, however, the contract must be accepted by the county board because only the board, or a committee, 74 Op. Att'y Gen. 228, 230 (1985), has the authority to actually enter into the contract. Accepting a particular contract for the construction or repair of a building, therefore, involves a legislative or policy decision, even though the process resulting in that final contract may involve some administrative duties. In short, the decision to enter into a public works contract, and therefore setting the terms of that contract, is primarily a legislative or policy decision. Because the board can set the terms of the contract, it does not infringe on the executive's authority when it does so. The administration *Page 51 
of a contract is primarily an administrative or management function.
You also question the county board's granting the authority to negotiate contracts for public works of less than $20,000 to the Solid Waste Committee and the Property Committee. The county board has the authority to construct, purchase, equip, remodel, operate and maintain all county buildings, structures and facilities. Sec. 59.07(1)(d), Stats. Section 59.08 restricts the board's discretion on entering into public works contracts by requiring that any contract over $20,000 must be let to the lowest responsible bidder and by providing that if the estimated cost of the contract is between $5,000 and $20,000, the board must give a Class 1 notice before it contracts for the work or must contract with a person qualified under section 66.29(2). The statute specifically provides, "[a]ny public work, the estimated cost of which does not exceed $20,000 shall be let as the board may direct." Sec. 59.08(1), Stats.
In its public works and public property ordinance, the board is directing, as section 59.08(1) requires, the method of letting contracts the estimated cost of which does not exceed $20,000. Decisions on whether to require sealed bids, or any bids at all, or alternatively to advertise for proposals are policy questions to be decided by the county board in those areas where the state statutes grant discretion. Likewise the board can decide, as a matter of policy, to adopt a procedure for selecting providers of architectural and engineering consulting services and set qualifications for those firms.
As noted in earlier opinions, it is difficult to define precisely the demarcation between policy and administrative matters, between legislative and executive functions. Almost inevitably, the functions will overlap or coalesce. In light of the recent vintage of these ordinances as well as the fact that the county executive saw no need to veto them, I cannot say that they are invalid. *Page 52 
In closing, I would note that this office only reluctantly determines the meaning or validity of municipal ordinances. 77 Op. Att'y Gen. Preface No. 3 H (1988). It is possible that these ordinances in actual operation will impinge on the county executive's administrative functions. See 76 Op. Att'y Gen. 60, 64 (1987).
JED:AL *Page 53