## WEBBER vs. RODDIS.

*Pleading : Defective Complaint: Defective Answer.—Principal and surety.— Delivery of goods.*

1. A complaint on a contract for the delivery of goods to A. *on or before* June 10th, 1863, alleges that the contract was assigned to plaintiff on the 1st of said month of June; that on the 10th he demanded the goods of defendant, who refused to deliver them; and they had not been delivered either to A., before the assignment, or to plaintiff after such assignment. *Held*, that the complaint was defective in not averring either that defendant had notice of the assignment before said 10th of June, or that he had not delivered the goods to A. before that date, and after the assignment.

2. The answer alleged that A. imported the goods without paying the duties thereon, and afterwards sold and transferred them to one W.; that defendant afterwards, to settle two suits against W., one of which was in favor of A., executed the contract in question; that after its execution, and before the time for the delivery of the goods, they were seized by the United States, and thereafter condemned and sold for the aforesaid violation of the revenue laws. *Held*, that if the contract sued upon had been executed by the defendant as surety for W., these allegations would have shown a good defense; but as it did not appear that the defendant had not executed the contract as principal, upon a new consideration not connected with the sale and transfer to W., no defense was shown.

3. Goods being at an express office, defendant and A went to the office, and defendant showed the clerk an order for the goods from the consignee, and requested him to deliver them to A., and after receipting to the express company for them, stepped aside. A. then paid the express charges, and the clerk placed the parcel in the opening where delivery was made, and pushed it forward ready to be taken by A., who raised his hand to take it, when a U. S. officer interfered and seized it. *Held*, that this was a delivery of the goods by defendant to A.

APPEAL from the Circuit Court for *Milwaukee* County.

On the 3d of May, 1863, *Roddis* executed to one Ashford a contract, by which, for one dollar in hand paid " and other good and valuable considerations," he agreed to deliver to Ashford at Milwaukee, on or before the 10th of June following, four watches and a clock, being the same articles previously sold by Ashford to one Wermuth; or, on default of such delivery, to pay $590 as the stipulated value of the property. The contract recites that Ashford, in consideration of this agreement, had that day discontinued an action against Wermuth, in which *Roddis* had become security for the latter in an undertaking, and had settled a prosecution pending against said Wermuth. The complaint in this action, after setting forth the above contract, and alleging an assignment of it to plaintiff for full value on the 1st of June, 1863, etc., alleges that *Roddis* has neglected to deliver any part of the property, or to pay any part of the money

" to Ashford before the assignment of said contract, or to plaintiff since said assignment." It then avers demand and refusal of delivery on the 10th of June, 1863, and asks judgment for $590, with interest, etc.

The answer, *inter alia*, alleges that on the 3d of June, 1863, defendant delivered the property in question to Ashford in pursuance of the contract, having no notice, knowledge or information of the assignment of the contract to the plaintiff, or that the latter claimed any interest therein. As a separate defense, it is alleged, in substance, that Ashford, in March, 1863, imported the watches into the United States from a foreign port, without paying the import duty to which they were subject, whereby they became forfeited to the United States, and subject, wherever found, to be seized and condemned, etc.; that defendant had no knowledge of these facts when he signed the contract above described, but Ashford at the time falsely represented that the duties had been paid, and concealed the truth in relation thereto, and procured defendant's signature by such fraudulent representation and concealment; that the goods were duly seized on the 3d of June, by the collector of customs at Milwaukee, and remained in his custody until after the commencement of this action. It is further averred that defendant never received any consideration for executing said contract, and that none was ever paid or delivered to Wermuth, except said goods themselves, which Ashford, after their importation, had transferred to Wermuth, and to secure the return of which, or their value, to Ashford, said agreement was entered into by defendant, and for no other purpose whatever. It is further averred that plaintiff, before taking the assignment of said contract, well knew all the facts above stated; that said pretended assignment was made without consideration, and with the sole purpose to harass and defraud the defendant; and that since the commencement of this action the goods in question have been

condemned by proceedings in the U. S. District Court for Wisconsin, and sold for the benefit of the United States.

On the trial, defendant's objection to the admission of evidence under the complaint, on the ground that it did not state a cause of action, was overruled. Evidence for the plaintiff, tending to show that defendant was notified of the assignment to him on the 2d of June, 1863, was also received against objection. Plaintiff testified that he had no notice, knowledge or information of the assignment until June 4th, and also testified as to facts which occurred at the express office on that day, constituting, as he claims, a delivery of the goods to Ashford. These facts are stated in the third paragraph of the opinion, *infra ;* which also recites the instruction given to the jury on the question of delivery. All evidence under the second defense was ruled out, on the ground that the facts stated did not constitute a defense. Verdict for the plaintiff; new trial refused; and defendant appealed from a judgment on the verdict.

*Stark & McMullen,* for appellant, after arguing that the complaint did not state a cause of action, cited as to the question of a delivery of the goods by defendant to Ashford on the 3d of June, Story on Sales, §§ 311 a, 312, 312 a, 312 b, and note; *Calkins v. Lockwood,* 17 Conn., 154; Chitty on Con., 337, 346, and notes; *Carter v. Willard,* 19 Pick., 1; *Linton v. Butz,* 7 Barr, 89; *Wood v. Tassell,* 6 Ad. and E. (N. S.), 235; *Pleasants v. Pendleton,* 6 Rand., 473; *Chapman v. Searle,* 3 Pick., 38; *Tuxworth v. Moore,* 9 id., 349; 2 Johns., 16. 2. The second defense was good. " In all cases whatsoever, a promisor will be discharged from all liability, when the non-performance of his obligation is caused by the act or the fault of the other contracting party." 2 Parsons on Con., 188; *Borden v. Borden,* 5 Mass., 67, and cases there cited; Chitty on Con. (9th Am. Ed.), 747, (*639); *Grove v. Donaldson,* 15 Pa. St., 128; *Huntingdon etc. R. R. Co. v. Mc-Govern,* 29 id., 78; *Marshall v. Craig,* 1 Bibb, 384, (*379).

*I. P. Walker*, for respondent, contended that the alleged defect in the complaint, in not averring *notice* of the assignment or failure to deliver the goods to Ashford before such notice, was cured by the answer, which tendered an issue on the matter of notice (1 Chitty's Pl., 671-2, 678, and authorities there cited), and by intendment after verdict (1 Chitty, 673-80; 1 Harris & Gill, 43); and proof of notice having been made, the defect was one not affecting the substantial rights of defendant, and must be disregarded, under sec. 40, chap. 125, R. S. 2. The facts which occurred at the express office did not constitute a delivery to Ashford. Story on Bailm., § 542; 23 Wend., 306; 1 Denio, 52. Before Ashford could be charged with the delivery and receipt of the watches, he was entitled to a fair opportunity and time to examine the contents of the parcel, and satisfy himself that the tender was right. *Veasy v. Harmony*, 7 Greenl., 91; *Avery v. Stewart*, 2 Conn., 69-74; *Weld v. Hadley*, 1 N. H., 295; *Gould v. Banks*, 8 Wend., 562; *Elkins v. Parkhurst*, 17 Vt., 105. Again, the attempt at delivery was void, because it was a fraud upon Ashford, being made in pursuance of an arrangement between *Roddis* and Rice, by which the property was to be seized by the latter. Story on Bailm., §§ 32, 188, 191, 440; Jones on Bailm., 101, 114-116. 3. The original answer in this action admitted that the defendant had notice of the assignment to plaintiff at the time of the pretended delivery to Ashford. The language is, "that no notice of the assignment and transfer of said contract was ever given to (defendant) or ever came to his knowledge, until after *or at the time of the seizure of the articles aforesaid*." etc.*

DOWNER, J. At the trial, the defendant objected to any

---

* The judgment roll is no longer on file in this court; and the printed case does not contain the original answer.—REP.

evidence being necessary under the complaint, because it does not state facts sufficient to constitute a cause of action. The complaint is on a contract for the delivery by the defendant to one Ashford, at Milwaukee, on or *before* the 10th day of June, 1863, of certain watches and a clock. The plaintiff avers that the contract was assigned to him on the first day of June, and that on the 10th day of June he demanded of the defendant the watches and clock, and he refused to deliver them; and he avers a failure to deliver them "*either to said Ashford before the assignment of such contract, or to this plaintiff after said assignment.*" There is no averment that the defendant ever had notice of the assignment, or that the articles were not by the defendant, after the assignment and before the notice thereof to him, delivered to Ashford. The complaint is clearly defective, and the circuit court erred in receiving any evidence under it; for the defendant had a right, after the assignment and before notice of it, to deliver the watches and clock to Ashford in performance of his contract.

2. Does the second defense in the answer set up facts sufficient to bar the action? Taken in connection with the contract set out in the complaint, it contains, in substance, allegations that Ashford imported the watches and clock in question without paying the duties thereon, and afterwards sold and transferred them to Wermuth; and that the defendant, after such sale, to settle two suits, one in favor of Ashford and both against Wermuth, executed and delivered the contract; that, after its execution and before the time for the delivery of the property, it was seized by the United States, and thereafter duly condemned and sold for the violation of the revenue laws by Ashford in importing it. If Wermuth had agreed to return, or to sell and deliver, for a valuable and sufficient consideration, the property to Ashford, and had failed to perform his contract because the

United States had seized and condemned it, it would be a good defense to an action by Ashford against him on the contract for a failure to deliver, that he Ashford was liable to Wermuth on an implied warranty of title of the same goods, previously sold by the former to the latter. And if *Roddis* executed the contract as surety for Wermuth, then it is obvious he can make the same defense as Wermuth could if he had himself executed the contract and been sued thereon. But the second defense in the answer is not in form or substance on the implied warranty of title by Ashford to Wermuth; and it is not entirely clear from the proceedings that *Roddis* executed the contract as surety for Wermuth. If he did not, but as principal, on a new consideration not connected with the sale and transfer of the goods to Wermuth, the contract may be valid notwithstanding the forfeiture to the United States. He fails to connect himself, by his answer, with the title from Ashford to Wermuth, and, for aught that appears, may be liable for a good title. We have come to the conclusion, though with some hesitation, that there is no error in the ruling of the circuit court as to the second defense.

3. The court instructed the jury that, " as there is no conflict in the testimony regarding the delivery of the property by the defendant, and as I am of opinion that the testimony does not amount in law to a delivery, and fails to show a performance of his contract by the defendant in respect to the watches and clock, I therefore direct and instruct the jury to return a verdict for the plaintiff for the sum of five hundred and ninety dollars, and interest from June 10th, 1863." Is this instruction correct ? The testimony respecting the delivery is that of the defendant. After stating that he had no notice of the assignment of the contract set out in the complaint till the 4th day of June, 1863, and that he and Ashford, on the 3d day of June, went to the

express office, where, as he was informed, the watches and clock were, he says: "I inquired of the delivery clerk if he had a parcel addressed to Otto Wermuth, for which I had an order; that order had been shown and delivered to said clerk before. The clerk said he had the parcel. I said 'I wish you to deliver it to this young man,' indicating Ashford, who was just by me. The receipt book was produced; Ashford was going to sign it. The clerk said I must sign it, as I held the order. I then signed the receipt book. The clerk then said, 'The charges are two dollars.' I said to Ashford, 'I have nothing to do with that; I only engaged to see these goods passed to you.' He took out the money and paid it to the clerk. I drew aside from the place of delivery some five or six feet, leaving Ashford in front of the delivery, paying the money. The clerk then placed the parcel right in the opening, and pushed it forward, ready to be taken by Ashford. Ashford was in the act of taking it, his hands raised up to take it; don't know as he touched the parcel. At the same moment, Mr. Rice put his hands on it, and said, 'I seize these goods,' and took possession of them." Did the express company deliver the goods to either Ashford or *Roddis?* A receipt was executed to it for them, its charges paid, and the parcel put in the opening or place of delivery for the party entitled to receive it; and he was there ready to receive it. This, if we understand the testimony rightly, was the last act the company had to perform to complete the delivery on its part. To whom were the goods delivered? *Roddis* had given a verbal order to deliver them to Ashford, and the latter was there waiting to receive them, and just about to take them as the United States officer seized them. If there was a delivery to any one by the company, and we think there was, it was to *Ashford.* We hold the instruction erroneous.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.

On a motion for a rehearing, respondent's counsel stated that it appeared from the judgment roll sent up that the original answer was demurred to, and the demurrer sustained; and if the appellant neglected to have that demurrer applied to the complaint, this was a waiver of any defect in the complaint.   Counsel also further insisted upon the first and third points taken in his first brief, as above given.   The appellant's counsel answered, that a defendant may object at the trial to the sufficiency of the complaint, without having previously taken the objection; that the apparent admission in the first answer that defendant had notice of the assignment at the time of the seizure of the goods, was not an admission of notice at the time of the *delivery* to Ashford, since the latter act preceded the former: and that defendant, after filing an amended answer, was not bound by such erroneous admission in the first.

Rehearing denied.