WILLIAM L. SEYMOUR, Corporation Counsel Walworth County
You inquire whether, in a county having a district attorney and county corporation counsel, the county board may authorize the sheriff to employ an attorney as a police legal advisor in his department "as liaison with the District Attorney's Office and the Courts, for case preparation prior to submission to the District Attorney's Office, for interpretation of laws and court decisions, *Page 246 
for formulating and reviewing policy, advising on complaints against officers, anticipating trends in the law and developing operating and training procedures to cope with them."
I am of the opinion that an attorney can be employed in the sheriff's department and perform the duties stated if and only if such attorney is an assistant district attorney or assistant county corporation counsel.
During the last session, the legislature broadened the organizational powers of counties, including the authority to create and assign duties to certain county offices.
Section 59.025, Stats., as created by ch. 118, Laws of 1973, provides in part:
 "(2) INTENT AND CONSTRUCTION. For the purpose of giving counties the largest measure of organizational autonomy compatible with the constitution and general law, it is hereby declared that this section shall be construed in favor of the rights, powers and privileges of counties to organize and administer county functions. The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute this section to the extent of such conflict shall prevail.
 "(3) CREATION OF OFFICES. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment. *Page 247 
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board. (Emphasis added.)
"* * *"
The district attorney is a constitutional officer elected under Art. VI, sec. 4, Wis. Const. Therefore, a county board has no power to transfer functions, duties or responsibilities from his office by reason of sec. 59.025 (3) (c), Stats. Powers conferred on a county officer by statute cannot be narrowed, taken away, or enlarged by the county board except in cases where thelegislature has authorized it by statute. Beal v. The Supervisorsof St. Croix Co. (1861), 13 Wis. 559; The Town of Crandon v.Forest County (1895), 91 Wis. 239, 64 N.W. 847; Reichert v.Milwaukee County (1914), 159 Wis. 25, 150 N.W. 401.
In 63 OAG 196 (1974), my predecessor discussed the transfer of duties of a county officer elected under Article IV, sec. 4, Wis. Const., and concluded that the statutory powers of a county clerk in regard to budget and record-keeping could not be transferred under sec. 59.025 (3) to a newly-created position of Finance Officer. See also OAG 48-76, August 3, 1976, 65 OAG 132 (1976). The legislature had not authorized the transfer of functions with which that June 5, 1974 opinion was concerned. In contrast, the legislature has authorized transfer of certain statutory duties of district attorneys to county corporation counsels. See sec.59.07 (44), Stats., infra. The question is whether advising a county officer such as the sheriff is a duty which may be transferred from the district attorney to an officer other than
the county corporation counsel or one of his assistants.
The position of district attorney, though constitutional, is not one of inherent powers, but is subject to the specific directions of the legislature. State ex rel. Kurkierewicz v.Cannon (1969), 42 Wis.2d 368, 380, 166 N.W.2d 255.
The primary duties of district attorney are set forth in sec.59.47, Stats., which provides in part:
"The district attorney shall: *Page 248 
 "(1) Prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county in which the state or county is interested or a party; and when the place of trial is changed in any such action or proceeding to another county, prosecute or defend the same in such other county.
 "(2) Prosecute all criminal actions before any court in his county, other than those exercising the police jurisdiction of incorporated cities and villages in cases arising under the charter or ordinances thereof, when requested by such court; and upon like request, conduct all criminal examinations which may be had before such court, and prosecute or defend all civil actions before such courts in which the county is interested or a party.
 "(2m) Give advice to supervisors of soil and water conservation districts and represent them and the district in all matters, proceedings and actions arising under ch. 92.
 "(3) Give advice to the county board and other officers of his county, when requested, in all matters in which the county or state is interested or relating to the discharge of the official duties of such board or officers; examine all claims against the county for officers', interpreters', witnesses' and jurors' fees in criminal actions and examinations when presented to the county board, and report in writing thereto as to the liability of the county to pay the same.
"* * *
 "(8) Serve as legal adviser to the county highway commissioner and draw all papers required in the performance of the commissioner's duties, and attend to all legal matters in and out of court where such commissioner shall be a party.
"* * *"
Many of the duties specified in sec. 59.47, Stats., are matters of statewide concern and could not be transferred from the office of district attorney, absent express statute, even if sec. 59.025 (3), Stats., did not except the office. Some of the duties therein are special and of an exclusive nature which must remain in the province of the district attorney. Thus, it is against public policy *Page 249 
and the impartial administration of the criminal law for a court to allow attorneys for private persons to appear as prosecutors.State v. Scherr (1960), 9 Wis.2d 418, 426, 101 N.W.2d 77. I am of the opinion that it is also against public policy and the impartial administration of the criminal law to permit county employes to interfere with the statutory duties of the district attorney in the area of prosecution for violations of the criminal law.
On the other hand, the legislature has expressly provided that some duties, including advising the county board and county officers and representing the county in civil matters, may be exercised by a county corporation counsel appointed under sec.59.07 (44), Stats., as well as by a district attorney.
Section 59.07 (44), Stats., provides in part:
 "In counties not having a population of 500,000 or more, [the county board may] employ a corporation counsel, and fix his salary. The corporation counsel may, when authorized by a majority of the county board, appoint one or more assistant corporation counsels to aid him in the performance of his duties. The assistants so appointed shall have authority to perform all the duties of the corporation counsel . . . . The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district attorney shall be relieved of the responsibility for performing such powers or dutiesr. Opinions of the corporation counsel on all such matters shall have the same effect as opinions of the district attorney . . . ." (Emphasis added.)
Although sec. 59.07 (44), Stats., states that the duties of a corporation counsel shall be limited to civil matters, our supreme court has stated that a corporation counsel has a duty to advise the county board and its members "of the statutory limitations, both civil and criminal, resulting from specific actions of the board" or legal implications resulting therefrom.State v. Davis (1974), 63 Wis.2d 75, 80, 216 N.W.2d 31. *Page 250 
In my opinion the power to advise county officers resides either in the district attorney or the corporation counsel. I construe the provisions discussed above as expressing legislative intent to limit the transfer of the district attorney's powers to county corporation counsel exclusively. This would prevent the employment pursuant to sec. 59.025 (3) (a) of an attorney who is not an assistant district attorney or assistant county corporation counsel to give day-to-day advice to the sheriff and members of his department with respect to their duties and functions. Since the duty to advise county officers, including the sheriff, is vested solely within the district attorney or county corporation counsel, it is my opinion that no transfer of powers, duties or functions from the county corporation counsel may be made to an attorney employed within the sheriff's department under sec. 59.025 (3) (C).
BCL:RJV