DONALD E. PERCY, Secretary Department of Health and SocialServices
You ask:
 1. May a county department of social services or public welfare obtain legal representation from a source other than the district attorney's or corporation counsel's office where no statute, rule, or regulation provides for such outside representation, no conflict of interest disqualifies the DA and corporation counsel staff, and the legal work falls within the statutory duties authorized for the DA or corporation counsel staff? In particular:
 a. May the county department of social services or public welfare contract with a private law firm for the provision of legal services under the above circumstances?
 b. May the county department of social services or public welfare secure legal services from an attorney directly employed on that department's staff and solely supervised by that department, whether or not the attorney is labeled as a *Page 137 
district attorney, corporation counsel, assistant district attorney, or assistant corporation counsel?
In the absence of a statute specifically providing otherwise,[1] the answer to your question and its subparagraphs (a) and (b) is no, assuming that the term "legal services" in subparagraphs (a) and (b) refers to "legal representation" in paragraph one.
You state that the Department of Health and Social Services may reimburse counties for expenses, including legal services expense, connected with certain public welfare and social services programs. See secs. 46.25, 49.52, Stats.
As pointed out in 65 Op. Att'y Gen. 245 (1976), the authority to advise and represent county officers and agencies rests solely with the district attorney or corporation counsel.
A district attorney has the responsibility to prosecute and defend all civil or criminal actions in the courts of his or her county in which the state or county may be an interested party. Sec. 59.47, Stats. By virtue of sec. 59.07(44), Stats., county boards may employ corporation counsels and assistant corporation counsels to handle civil matters. In counties where the office of corporation counsel has been created, that office has the responsibility to prosecute and defend those civil matters which formerly were the responsibility of the district attorney. 49 Op. Att'y Gen. 97 (1960). This would include carrying out the provisions of state law as they relate to health, welfare, and social services.
If the staff of the district attorney or corporation counsel is insufficient to provide legal services required by the county department of social services, an attorney can be appointed by the district attorney as an assistant district attorney or by the corporation counsel as an assistant corporation counsel to do the legal work required by the county department of social services provided the appointment is authorized by the county board. Such position can be, in effect, funded or partially funded by the county with funds it receives under the provisions for reimbursement for services performed pursuant to, *Page 138 
for example, sec. 49.52, Stats. But the attorney must be under the supervision and control of the district attorney or corporation counsel. See 65 Op. Att'y Gen. 245 (1976).
You also ask:
 2. Where legal work done on behalf of the county department of social services or public welfare is performed by a full-time district attorney or corporation counsel or one of their assistants, may the county department provide compensation or commission to that DA or corporation counsel beyond the DA or corporation counsel's official salary, where no statute, rule, or regulation provides for the extra compensation or commission?
In counties where there is no corporation counsel, the district attorney is required to provide all needed legal services. 25 Op. Att'y Gen. 549 (1936). The district attorney takes that officecum onere and is not entitled to any extra compensation not provided by law. 30 Op. Att'y Gen. 245 (1941). As provided in sec. 59.15, Stats., the county board must fix the salary of the district attorney prior to the earliest time for filing nomination papers for that office.
In counties where the office of corporation counsel has been established, the duties of the corporation counsel and compensation therefore are established by the county board. If a county board has transferred all civil work to the office of corporation counsel, civil work done on behalf of the county department of social services would be included in the compensation established by the county board.
If the duties of the corporation counsel have been specified and do not include performing services for the county department of social services, and it is contemplated that the responsibilities of the corporation counsel be expanded to include such work, under sec. 59.07(44), Stats., a county board may transfer such duties and adjust the compensation to be paid to the corporation counsel or assistant corporation counsel.
The county board can increase or decrease the compensation of a county corporation counsel at any time pursuant to sec.59.15(2)(c), Stats. The board can increase but not decrease the compensation of *Page 139 
an elected district attorney at any time during his or her term pursuant to sec. 66.197, Stats.
Next, you ask:
 3. Does the answer to #2 differ if the DA or corporation counsel is a part-time DA or corporation counsel? For example, if a part-time DA finds he is unable to complete the necessary work for the county agency within the hours contemplated by his part-time employment, may the DA assess the agency a fee for the extra hours spent performing the agency's legal work?
The answer to question two does not differ if the county employs a part-time district attorney or corporation counsel. A "part-time" district attorney or corporation counsel may be allowed to practice law or pursue other gainful endeavors when not actually engaged in performing duties as district attorney or corporation counsel. "In so far as they are not working for the county, their time is their own, and they would be permitted to keep whatever they earn in performing services that are clearly not rendered on behalf of the county." 30 Op. Att'y Gen. 275, 277 (1941). Where work is done on behalf of the county, district attorneys or corporation counsels are not permitted to receive additional compensation beyond that provided by their salary.
Subsequently, you have asked:
 1. Where the county maintains an action to collect moneys owed a higher level of government or to collect moneys owed both the county and a higher level of government, may any representative or department of the county deduct an attorney fee or collection fee from the collected funds before remitting the remaining funds to the state or federal government, where the statute concerning the collection action does not provide for such a fee, whether or not such fees are turned over to the county treasury?
 2. Does the answer to the above question vary depending upon the type of county legal representative used (part-time versus full-time; district attorney/corporation counsel versus some other source of legal representation)? *Page 140 
Where the county maintains an action to collect monies owed a higher level of government or to collect monies owed both the county and a higher level of government, the county may not deduct an attorney fee or collection fee from the collected funds before remitting the remaining funds to the state or federal government unless the statute concerning the collection provides for such a fee. There is no common-law right of a county to obtain repayment of public relief; right to recover of relief payments is statutory. Whitwam v. Whitwam, 87 Wis.2d 22,273 N.W.2d 366 (1978). Section 49.195, Stats., which covers recovery of AFDC funds, makes no provision for deduction of a collection fee. Specifically, sec. 49.195(2), Stats., states that amounts recovered shall be paid to the United States, the state, and its subdivisions, proportionally, "in the same manner as amounts recovered for old-age assistance are paid." Where the statute authorizing the collection of monies owed the government does provide for such a fee (see sec. 49.65(4), Stats., which authorizes deduction of reasonable costs of collection, including attorneys' fees, where the collection is made from an insurer of a public assistance recipient or from a party against whom the recipient has a claim in tort), deducted fees must go into the county treasury rather than to the district attorney or corporation counsel as an individual.
BCL:WHW
[1] E.g., sec. 49.26(3), Stats. (1971), now repealed.