RUSSELL L. HANSON, Acting District Attorney Vernon County
You indicate that you have been appointed by the circuit judge pursuant to sec. 59.44 (1), Stats., to perform the duties of the district attorney during the temporary disability of the elected district attorney.
You request my opinion on several questions related to the following factual situation. In 1939, the Vernon County Board of Supervisors declared the county to be a soil conservation district, currently a soil and water conservation district operating under powers set forth in ch. 92, Stats. In 1980, the district was sued by a contractor and the district board of supervisors passed a resolution to hire a private law firm to represent the district in the suit. The county board of supervisors passed a resolution approving of the district board's retention of private counsel. The suit is the only civil litigation, other than civil forfeiture actions, in which the county or the soil and water conservation *Page 235 
district is involved. The lawsuit is, however, a complicated action and the private law firm has already made substantial charges for attorneys fees. Further, substantial charges for legal fees and expenses will be necessary to bring the matter to conclusion. You ask my opinion on the following questions:
 1. Does the soil and water district have the power to hire its own attorney?
I conclude the district does not have that power. Section 59.47
(2m), Stats., provides that the district attorney shall: "Give advice to supervisors of soil and water conservation districts and represent them and the district in all matters, proceedings and actions arising under ch. 92."
Where a statute is unambiguous, effect must be given to its ordinary and acceptable meaning. Milwaukee v. Lindner,98 Wis.2d 624, 297 N.W.2d 828 (1980). Section 59.47 (2m), Stats., unambiguously imposes upon the district attorney the duty and the exclusive right to represent the district in all matters. Although sec. 92.08 (8), Stats., gives the district the power to sue and be sued and enter into contracts, it is a basic rule of statutory construction that when there is an apparent conflict between a statute of general application and one that is specific, the latter prevails. Section 59.47 (2m), Stats., was enacted after sec. 92.08, Stats. This fact reenforces the applicability of sec. 59.47 (2m), Stats. As stated in Martineauv. State Conservation Comm., 46 Wis.2d 443, 449, 175 N.W.2d 206,209 (1970): "It is a cardinal rule of statutory construction that when a general and a specific statute relate to the same subject matter, the specific statute controls and this is especially true when the specific statute is enacted after the enactment of the general statute."
Although the district is not strictly a county agency, since it is a separate body corporate and politic, the county is interested in the affairs of the district, and specifically the litigation, because it pays the expenses of the district. Secs.59.07(60), 59.872, 92.08 (12), Stats. Early in our state's history, our supreme court held that the county board of supervisors had no authority to employ a private law firm to aid the district attorney in prosecuting an indictment for murder.Montgomery v. Board of Supervisors of Jackson County, *Page 236 22 Wis. 67 (1867). In Frederick v. Douglas County, 96 Wis. 411,71 N.W. 798 (1897), the court held that the county board of supervisors had no authority to employ private counsel to conduct county tax litigation on behalf of the county even when the district attorney concurred in that employment. In short, in the absence of a statute specifically providing otherwise, the authority to advise and represent the county rests solely with the district attorney or corporation counsel. 70 Op. Att'y Gen. 136 (1981).
 2. Does the district have the power to hire an attorney other than the district attorney without county approval?
As explained above, neither the district nor the county has the authority to hire an attorney other than the district attorney. Therefore, the county board's approval of the district board's hiring of an attorney makes no difference whatsoever.
 3. Is approval of the circuit court necessary before the district retains counsel?
I conclude that it is. Section 59.44 (3), Stats., provides:
 When there is an unusual amount of civil litigation to which the county is a party or in which it is interested, the circuit court may, on the application of the county board, by order filed with the clerk of said county, appoint an attorney or attorneys to assist the district attorney, and fix his or their compensation.
As I mentioned earlier, in the situation you describe the county is not a party, but is interested. In my opinion a single complex civil case could constitute "an unusual amount of civil litigation" within the meaning of the statute. The county board could, therefore, pursuant to sec. 59.44 (3), Stats., ask the circuit court to appoint an attorney or attorneys to assist the district attorney. These attorneys must be under the supervision and control of the district attorney. See generally 65 Op. Att'y Gen. 245 (1976).
The procedure outlined in sec. 59.44 (3), Stats., is not the only avenue available to the county board, however. The board could create the office of corporation counsel pursuant to sec.59.07 (44), Stats., and employ one or more attorneys to perform the required services. Alternatively, the county board of supervisors could authorize *Page 237 
the district attorney to appoint assistants pursuant to sec.59.45, Stats., to aid in the duties of the office.
 4. If the procedure that was followed is not proper, is either the soil and water district or Vernon County responsible for the legal fees that have been incurred to date?
Although the county may be entitled to the assets of a soil and water conservation district upon dissolution, sec. 92.15 (3), Stats., and can make appropriations to expenses of a district, secs. 59.07 (60), 59.872, 92.08 (12), Stats., it is not a guarantor of the liabilities of the district which is a separate body corporate and politic. Sec. 92.08, Stats. The district, therefore, is primarily liable for the fees.
Section 66.295 (1), Stats., permits counties to pay for benefits received before March 1, 1973, under any contract entered into in good faith for which there is a moral, but no legal, obligation to pay. In Blum v. Hillsboro, 49 Wis.2d 667,183 N.W.2d 47 (1971), the court held that when work has been performed for a municipality under a contract which is malumprohibitum and not malum in se, and the contract was entered into in good faith, the cause of action based upon the equitable doctrine of unjust enrichment could be maintained, sec. 66.295, Stats., notwithstanding.
BCL:AML