FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You inquire as to the circumstances which would permit the county board to retain special counsel not responsible to the corporation counsel. Your inquiry arises from a situation where a dispute existed between the county executive and the county board concerning the appointment of members of the welfare board. You have also expanded your inquiry to encompass situations involving labor negotiations, labor litigation and litigation where counsel is retained by the county's insurance carriers.
It is my opinion that the county board has no permanent or continuing authority to retain special counsel, but may, subject to the approval of the circuit court under section 59.44, Stats., retain special counsel on a case-by-case basis where the district attorney or corporation counsel is unable to continue to perform his or her duties without potentially violating the rules of professional conduct established by the Wisconsin Supreme Court. In situations where legal services are required in civil matters and the provisions of section 59.44 or another specific statute cannot be utilized, the district attorney or corporation counsel has the exclusive authority to perform or supervise the provision of those legal services.
In a county with a population of under 500,000, the corporation counsel's authority is derived from sections 59.07 and 59.47. Section 59.07 provides, in part:
The board of each county may . . . .
. . . .
 (44) . . . In counties not having a population of 500,000 or more, employ a corporation counsel, and fix his salary. The corporation counsel may, when authorized by a majority of the county board, appoint one or more assistant corporation counsels to aid him in the performance of his duties. The assistants so appointed shall have authority to perform all the duties of the corporation counsel. His employment may be terminated at any time by a majority vote of all the members of the board. The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees *Page 115 
and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district attorney shall be relieved of the responsibility for performing such powers or duties.
The powers of the district attorney which may be transferred to the corporation counsel are enumerated in section 59.47. In addition to the many specific powers listed throughout sections59.47(5)-(6) and (8)-(14), the district attorney in a county which has not established the office of corporation counsel also possesses the general authority under section 59.47 to:
 (1) Prosecute or defend all [civil] actions, applications or motions . . . in the courts of his county in which the state or county is interested or a party; and when the place of trial is changed in any such action or proceeding to another county, prosecute or defend the same in such other county.
. . . .
 (3) Give advice to the county board and other officers of his county, when requested, in all [civil] matters in which the county or state is interested or relating to the discharge of the official duties of such board or officers . . . .
Ordinarily, when a county board creates the office of corporation counsel, it transfers all of these general functions from the district attorney to the corporation counsel. The ensuing discussion assumes that in those counties which have established the office of corporation counsel, a complete transfer of such general statutory authority has occurred.
Regardless of whether the district attorney or corporation counsel provides legal services in civil matters pursuant to section 59.47(1) and (3), his or her client is the county. Since the client is a quasi-municipal corporation, the provision of legal services to the county board and to all county officers has been mandated by statute. *Page 116 
I have previously indicated that, unless otherwise specifically provided by statute, the duty to provide or supervise the provision of legal services in civil matters is vested exclusively in the district attorney or corporation counsel. See,e.g., 70 Op. Att'y Gen. 136 (1981); 65 Op. Att'y Gen. 138 (1976). You note an apparent conflict between my recent opinions and some earlier opinions of my predecessors which were issued before counties were first authorized to establish the office of corporation counsel pursuant to chapter 186, Laws of 1949. See,e.g., 28 Op. Att'y Gen. 162 (1939); 27 Op. Att'y Gen. 162 (1938). These earlier opinions conclude that the district attorney is under no obligation to perform legal services in those civil matters not specifically enumerated in section 59.47, but indicate that the county board may employ special counsel to perform those services. These earlier opinions go so far as to hold that the district attorney need not handle many kinds of routine civil matters, including proceedings before state administrative agencies. See 27 Op. Att'y Gen. 162 (1938).
When these earlier opinions were issued, it was not apparent that the Legislature intended that the district attorney handle all civil matters in which the county had an interest. Once chapter 186, Laws of 1949, was enacted, however, a broad and liberal construction of the powers of the corporation counsel or district attorney, as required by section 59.07(intro.), required the conclusion that the district attorney or corporation counsel perform or supervise the provision of all civil legal services for the county, unless other specific statutory provisions applied. That continues to be my opinion.
In Frederick v. Douglas County, 96 Wis. 411, 71 N.W. 798
(1897), the Wisconsin Supreme Court held that a county board, acting of its own volition and without the approval of the circuit court, lacked statutory authority to appoint an attorney to assist the district attorney in defending tax cases, even though the county was engaged in an unusual amount of civil litigation. In apparent reaction to this decision, the Legislature attempted to aid district attorneys by enacting what is now section 59.44(3), which provides that:
 When there is an unusual amount of civil litigation to which the county is a party or in which it is interested, the circuit court may, on the application of the county board, by order filed with the clerk of said county, appoint an attorney or attorneys to assist the district attorney, and fix his or their compensation. *Page 117 
Although the retention of a labor negotiator, of counsel to engage in labor litigation, and of insurance company counsel must be consistent with this statute, other statutory provisions may also apply.
A labor negotiator need not necessarily be an attorney. As long as no legal services within the meaning of section 59.47 (1) and (3) are performed, the employment of such a person falls within the general authority of the board to manage its business and concerns under section 59.07(5). There is no special statute authorizing a county board to retain independent counsel to engage in labor litigation. Unless a conflict of interest situation has arisen, counsel who performs labor litigation must therefore be an assistant district attorney or an assistant corporation counsel, or be supervised by the district attorney or corporation counsel under section 59.44(3). The purchase of insurance is authorized under section 59.07(2). It is the insurance company, not the board, who retains counsel when insurance is purchased. The primary allegiance of such counsel is therefore to the insurance company, rather than the county. The district attorney or corporation counsel has a duty to monitor those situations where insurance company counsel is utilized. If the interests of the insurance company and the county should diverge, the district attorney or corporation counsel must provide representation to the county. The county board may be permitted to retain special counsel not responsible to the district attorney or corporation counsel in certain kinds of civil matters, but specific statutory authorization to do so must be found.
In general, the district attorney or corporation counsel assumes office cum onere and is required to provide all needed legal services. 70 Op. Att'y Gen. 136, 138 (1981). Section59.44(3) is therefore of limited use in a conflict of interest situation because the need to engage in an unusual amount of civil litigation often cannot be demonstrated. Even though a single complex suit may involve an unusual amount of civil litigation, if an unusual amount of civil litigation is neither pending nor likely to be commenced, the provisions of section59.44(3) may not be used. See 70 Op. Att'y Gen. 234, 236 (1981); 34 Op. Att'y Gen. 188 (1945). Moreover, since employment under section 59.44(3) involves providing "assist[ance] to the district attorney [or corporation counsel]," his or her supervisory authority remains paramount under that statute. *Page 118 
In Frederick, the court had no occasion to consider whether the county board could have availed itself of the provisions of what is now section 59.44(1), which provides:
 When there is no district attorney for the county, or he is absent from the county, or has acted as counsel or attorney for a party accused in relation to the matter of which the accused stands charged and for which he is to be tried, or is near of kin to the party to be tried on a criminal charge, or is unable to attend to his duties, or is serving in the armed forces of the United States, or if the district attorney stands charged with a crime and the governor has not acted under s. 17.11, any judge of a court of record, by an order entered in the record stating the cause therefor may appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such district attorney, and the person so appointed shall have all the powers of the district attorney while so acting.
Where the district attorney or corporation counsel is under some disability, the provisions of section 59.44(1) may be utilized. The disability need not necessarily be physical. Cf. 30 Op. Att'y Gen. 51, 56 (1941). Moreover, the disability need not be general in nature; it may be limited to isolated cases or situations. SeeZeidler v. State, 189 Wis. 44, 206 N.W. 872 (1926); 9 Op. Att'y Gen. 266 (1920).
I am of the opinion that a district attorney or corporation counsel is "unable to attend to his [or her] duties" within the meaning of section 59.44(1) when the continued performance of those duties would potentially violate the rules of professional conduct established by the Wisconsin Supreme Court. SCR 20.28 provides as follows:
 Refusing to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. (1) A lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under sub. (3).
 (2) A lawyer may not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the *Page 119 
lawyer's representation of another client, except to the extent permitted under sub. (3).
 (3) In the situations covered by subs. (1) and (2), a lawyer may represent multiple clients if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each.
 (4) If a lawyer is required to decline employment or to withdraw from employment under this rule, no partner or associate of the lawyer or his or her firm may accept or continue that employment.
In addition, SCR 20.24(1) provides that: "Except with the consent of the client after full disclosure, a lawyer may not accept employment if the exercise of his or her professional judgment on behalf of the client will be or reasonably may be affected by his or her own financial, business, property or personal interests."
There is no inherent conflict between providing representation to the county board and providing such representation to the county executive or other county officers. Conceptually, the situation is similar to acting as corporate counsel for a private corporation with a board of directors, a chief executive officer and a number of department heads. As a practical matter, however, providing representation to the county is more complicated because many county officers are elected and because the division of authority between county officials is not always clearly defined. As I indicated in 68 Op. Att'y Gen. 92, 96 (1979), legal complications may very well arise if a county establishes the office of county executive:
 Counties choosing a county executive may well experience transition problems caused by friction arising naturally and perhaps unavoidably from the fact that certain county board operating committees were formerly responsible for many of the administrative concerns which are either conferred on the office of the executive by statute or are delegated to the executive by the county board. As to powers delegated to the executive by board action, the board would appear to have inherent power to attempt to resolve jurisdictional disputes which may arise. While a board may lack such inherent authority with regard to jurisdictional disputes *Page 120 
over powers now conferred by statute on the executive, as a practical matter, a board could well exert considerable influence over the peaceful and speedy resolution of such controversies.
The likelihood that legal complications may occur increases in a county which has both a county executive and a corporation counsel. Section 59.032(2) grants the county executive administrative and managerial authority over almost all aspects of county government, including those under the auspices of the corporation counsel. Under section 59.07(44), however, it is the county board which possesses the authority to terminate the corporation counsel's employment. The corporation counsel is therefore responsible in some degree to both the county board and the county executive. The corporation counsel is also required to provide legal assistance to all other county officers pursuant to section 59.47(1) and (3).
Although the true client of the district attorney or corporation counsel is the county, there may be situations where potential conflicts of interest arise in attempting to serve that client. While it is impossible to predict all situations in which conflicts may occur, a district attorney or corporation counsel may well face a potential conflict if there is litigation between the county board and the county executive.
Section 59.07(1)(b) empowers the county board to commence actions to protect the interests of the county. If the district attorney or corporation counsel has made full disclosure of an apparent conflict between serving the legal interests of the county board and the county executive or some other county officer and has been unable to resolve that conflict, application for one or more special counsel may be made by the county board, district attorney or corporation counsel to the circuit court under section 59.44(1). If the circuit court is satisfied that a potential conflict exists and that the situation is of sufficient gravity to warrant the expenditure of public funds pursuant to section 59.44(4), it should appoint special counsel to represent the county board and/or those county officers entitled to receive legal services under section 59.47(1) or (3).
Section 59.44 may also be utilized in fact situations other than those which you have described. Unless section 59.44 or some other specific statute authorizes the county board to employ special counsel, the district attorney or corporation counsel has the exclusive *Page 121 
authority to perform or supervise the provision of legal services in civil matters.
BCL:FTC